OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### SUMMER TERM, 1867.

CASE 1—INDICTMENT—JUNE 4.

## Dickerson vs. Commonwealth.

APPEAL FROM CAMPBELL CRIMINAL COURT.

An indictment charging an assault with intent to rob is substantially good, although it alleges no act or fact indicating any design to rob the person assaulted, as the charge as made authorized conviction for the simple assault alone.

THEO. F. HALLAM,                                    For Appellant,

CITED—

Chitty's Crim. Law, pp. 227, 231, 516.
2 Starkie on Evidence, 739.
Wharton's Crim. Law, par. 293, 2,699, 2,702.
English Statutes, 7 Geo. I, c. 21.
Russell on Crimes, 617, 4th Am. ed.

VOL. II—1

1 *Leach*, 19.
*J. B.*, 1740; *Parfait's Case.*
*Rev. Stat.*, chap. 28, *art.* 5, *sec.* 2.
*Crim. Code*, secs. 121, 123.
*Commonwealth vs. Wright, MSS. Opin., Dec.*, 1855.
*Christian Tomlin vs. Commonwealth, MSS. Opin., Dec.*, 1855.

JOHN M. HARLAN, Attorney General,          For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The only objection urged in this court against the judgment for the fine of two hundred and fifty dollars assessed by the jury in this case is, that the indictment, charging an assault with intent to rob, alleges no attempt to rob, demand of money, or property, or other fact indicating any design to rob the person assaulted.

In our opinion, neither reason, analogy, nor the modern common law, requires the allegation of any such index to the imputed design; and if the technical common law should be adjudged as requiring it, the Criminal Code of Kentucky constructively dispenses with it. The indictment is therefore substantially good.

Nor can we admit that the fact that there was no proof of the alleged design, and that, consequently, the fine was assessed for the assault only, entitled the appellant to either *a nolle prosequi* or a new trial.

The charge as made authorized conviction for the simple assault alone, that being the only *delictum*, and the alleged intent to rob being but an aggravation of the indictable offense, and the record being sufficient to bar another prosecution for the same assault alone.

Wherefore, seeing no error in the judgment of conviction, it is affirmed.