### ED. MAHONEY v. THE STATE.

*No. 466.    Decided May 19.*

1. **Theft—Possession—Charge.—**On a trial for theft of property, where the evidence showed that the property taken by defendant and other prisoners who overpowered their guard was his gun and pistol, which, after their escape, they left with friends to be returned to the owner, and after the case had been submitted to the jury they requested further instructions as to the length of time the property stolen must be in possession of the party taking it to constitute theft, to which the court answered, "A moment's possession is sufficient," *Held,* that while abstractly correct, this answer was insufficient under the facts stated. The jury should have been told that a moment's possession would be sufficient if the property was taken with fraudulent intent to appropriate it, but if such intent did not exist at the time of taking, no subsequent holding would make it theft.

2. **Defendant as a Witness—Impeachment of as to Former Crimes—Charge Must Restrict and Limit Such Evidence.—**On a trial for theft, though it be legitimate to ask a defendant on cross-examination, who makes himself a witness, if he had not been in the penitentiary, yet it is the duty of the court in such case to caution the jury that such testimony can only be considered as bearing upon the credibility of defendant, and is in no way to be considered as affecting his guilt or innocence of the offense charged: *Held,* a failure to give such a charge will be reversible error, whether instructions are asked or not.

APPEAL from the Criminal District Court of Dallas.    Tried below before Hon. CHARLES F. CLINT.

The case is thus concisely stated in appellant's brief: Appellant was confined on the county farm as a punishment for his gambling proclivity.   One evening in April, 1893, he and several other prisoners were returning from the field where they had been at work, when he grabbed the guard and shouted to the other prisoners, who were some distance away, "Come on, boys; now is our time to get our liberty," or words to that effect.   Appellant ordered one of the prisoners to unload the guard's shotgun and another to take the guard's pistol, and appellant bound the guard, after which they all escaped, taking with them the gun and pistol.   And for this taking the grand jury returned an indictment charging appellant, in three counts, with robbery, embezzlement, and theft of over $20.   The State elected to dismiss as to the first two counts, and try appellant for theft over $20.

The jury assessed appellant's punishment at two years' confinement in the penitentiary.

*Bell & Atwell,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of theft, and his punishment assessed at two years in the penitentiary. Appellant was indicted in three counts, charging robbery, embezzlement, and theft of over $20. Upon trial the State dismissed as to the first two counts.

The facts show that appellant was confined on the county farm for gambling; that one evening in April, 1893, appellant approached the guard, one Cummins, under the pretense of borrowing his knife, and seized him, crying out, "Come on, boys; now is the time to get our liberty," and, assisted by other convicts, disarmed the guard, one of the convicts taking his gun, and appellant his pistol; and they left him lying bucked and gagged, and escaped. The gun and pistol were subsequently recovered from persons to whom the appellant said they were delivered to be returned. The witness Cummins states that the appellant used great violence to him, and they took away his gun and pistol by force. The witness was considerably frightened, and believes they would have killed him if he had offered more resistance than he did. If a fraudulent intent has been proven in this case, then the crime committed was robbery, and not theft; for all the distinct modes by which robbery may be committed are to be found herein. The property was certainly taken by assault, by violence on the person, by putting in fear of life or bodily injury. Willson's Crim. Stats., sec. 1246. But the State dismissed as to the robbery, presumably on the ground that it could not prove the fraudulent intent, but conceded that the violence used by the convicts to the guard Cummins was for the purpose of gaining their liberty, and not to obtain and appropriate his property. Appellant, taking the stand as a witness, testified, that before leaving the county they placed the weapons in the hands of friends, to be returned to the owner. There is nothing contradicting this statement in the record, except that the person to whom the pistol was delivered sold it for a small amount, which the owner had to repay, for which sale appellant could hardly be held responsible in this case. It certainly does not appear that they appropriated the arms to their own use and benefit. In this connection, the record shows the jury requested further instructions on the question as to what length of time the property charged to have been stolen must be in the possession of the party taking it to constitute theft. The court answered: "The law fixes no length of time. A moment's possession is sufficient." While the answer is correct, it was not sufficient in this case.

The jury should have been told that a moment's possession would be sufficient if taken with the fraudulent intent to appropriate to his own use and benefit, but if such intent did not exist at the time of taking, no subsequent holding would make it theft.

Again: The appellant took the stand as a witness, and was asked by the State if he had not been in the penitentiary, and over objection of appellant he was compelled to answer that he had. This was duly excepted to. Under the authority of the White case (just decided, ante, p. 177), to which, however, the writer did not agree, the defendant who takes the stand as a witness may be asked any question on cross-examination that can be propounded to any other witness, but we hold, that where such questions are asked it becomes the duty of the court to caution the jury that such testimony can only be considered as bearing upon the credibility of the defendant as a witness, and is in no way to be considered as affecting his guilt or innocence of the offenses charged. And a failure to give such a charge will be reversible error, whether instructions are asked or not.

*Reversed and remanded.*

Judges all present and concurring.