CASE 46—ACTION BY COMMONWEALTH AGAINST BLAN-
TON FOR ROBBERY.—September 21, 1900.

## Blanton v. Commonwealth.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Affirmed.

1. Robbery—Indictment—Sufficiency of Evidence.—To consti-
tute robbery, the taking must be by violence or by putting
the owner in fear; but both the circumstances need not
concur, and it is sufficient to charge in the indictment that
the taking was done "unlawfully, willfully, feloniously and
forcibly," and against the will and consent of the person from
whom the property was taken.
2. Evidence that the accused grabbed hold of D., pulled open
his overcoat, tore the button holes and buttons off, also pulled
his vest open, and that they scuffled while he was trying to
get loose, and that soon after getting loose he found that
his pocket-book, which contained a large sum of money, had
been stolen from his pants' pocket, was sufficient to sustain
a conviction for robbery.

G. W. MUIR, JR., for appellant.

ROBERT J. BRECKINRIDGE and MORRISON BRECKIN-
RIDGE for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—
Affirming.

Appellant was indicted in the Fayette circuit court
for robbery. The first question made on the appeal
is the sufficiency of the indictment. It is charged
that appellant "did unlawfully, willfully, feloniously,
and forcibly, and against his will and consent, take
and carry away from the person and possession of

L. F. De Busk, United States bank notes, silver coin, and currency, commonly known as money, the personal property of said De Busk, and of the value of $511, with intent to permanently convert same, and deprive the owner thereof.'' Robbery is the felonious taking of property from the person of another by force. The taking must be by violence, or by putting the owner in fear, but both these circumstances need not concur. Williams v. Com. (Ky.) 50 S. W. 240. Under the rule announced in this case and the authorities there cited, the indictment is sufficient. It was held in the same case that to snatch a pocketbook forcibly from another's hand was robbery; and in Snyder v. Com. (Ky.) 55 S. W. 679, it was held that if the victim is being pushed or shoved about by the pickpocket or his associates, for the purpose of diverting his attention, and the crime is then accomplished, it is robbery, even if the victim is at the time unaware of his loss. See, also, Davis v. Com. (Ky.) 54 S. W. 959. The proof for the Commonwealth is to the effect that appellant grabbed hold of De Busk, pulled open his overcoat, tore the button holes and buttons off, and also pulled his vest open. They scuffled while he was trying to get loose, and soon after getting loose he found that his pocketbook, which contained $511, had been stolen from his pants' pocket. This proof, which the jury seemed to have believed true, was sufficient to sustain a conviction for robbery. "Thus, where the prisoner took hold of the prosecutor's cravat, and pressed him against a wall, at the same time taking his watch without his knowledge, this was held to be robbery." "And where several combine to push one rudely about, and while his attention is thus drawn away take his money, it is robbery." I Rob. Cr. Law, section 290.

Judgment affirmed.