CASE 79—PROSECUTION FOR ROBBERY—FEB. 12.

# Jones v. Commonwealth.

APPEAL FROM HARRISON CIRCUIT COURT.

DEFENDANT CONVICTED AND HE APPEALS. AFFIRMED.

ROBBERY—WHAT CONSTITUTES TAKING BY VIOLENCE.

Held: Where defendant snatched a pocketbook from the hand of another so quickly that he had no chance to actively resist, there was such a taking by violence as authorized a conviction under an indictment for robbery.

LAFFERTY & KING, FOR APPELLANT.

Appellant, Matt Jones was indicted for highway robbery and convicted and sent to the penitentiary for two and one-half years.

There was no evidence in this case to the effect that the victim was put in fear of bodily harm or other injury or that any force or violence was used by accused, at the time of the taking of the pocketbook from him. In fact there was no contention of fear and the only question is whether there was any force used and if so was it such force as would convert it into robbery.

Witness stated that accused asked him for change for a quarter, that he took out his pocketbook and had it in his hand and while trying to get out the change accused grabbed the pocketbook out of his hand and ran up an alley.

Jones v. Commonwealth.

.We contend that this was only petit larceny. In order to constitute robbery there must have been force used by accused towards his 'victim so as to overcome the resistance used by the victim. It is not contended in this case that any resistance was used by the victim and so the mere taking out of his hand does not constitute robbery.

### AUTHORITIES.

Blackstone's Commentaries, Chitty's p. 243 and note; 6 Am. Dec., 558; Wharton's Am. Cr. Law, sec. 1701; 69 Am. Dec., 777; 31 Am. Rep., 110; Roberson's Ky. Crim. Law & Procedure, p. 386; Hughes Crim. Law and Procedure, secs. 763, 765, and 770.

ROBT. J. BRECKINRIDGE, ATTORNEY GENERAL, AND MORRIS BRECKINRIDGE, FOR APPELLEE.

Ecklar swears that the pocketbook was snatched from his hand by defendant and it was held by this court in the case of Williams v. Com., 20 R., 1850 that "to snatch a pocketbook forcibly from another's hand was robbery."

The instructions given by the court were proper under the evidence and the jury are the judges as to whether force was used by defendant in taking the pocketbook. See also Davis v. Com., 21 R., 1295.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—AFFIRMING.

The appellant was indicted, tried and convicted in the Harrison circuit court under an indictment for robbery. The specifications in the indictment are as follows: "Did feloniously take a pocketbook and seven dollars in money, the personal property of Esau Eckler, from his presence, and against his will, by violence, and putting him in fear of some immediate injury to his person." A jury trial resulted in a verdict and judgment sentencing the appellant to the penitentiary for 2½ years. The verdict reads as follows: "We, the jury, find the defendant guilty, and fix his punishment at two and one-half years in the penitentiary. Dow Holten, Foreman.

The grounds relied upon for a new trial are because the

court misinstructed the jury, or refused to properly instruct the jury, and because the verdict was against the law and evidence. At the conclusion of the testimony for the Commonwealth the appellant asked for peremptory instruction, which was refused by the court. No evidence was offered by the defendant. The court, in its first instruction, substantially instructed the jury that "if, from all the evidence, they believed beyond a reasonable doubt that the defendant, before the finding of the indictment, and prior to March 1, 1901, did feloniously take a pocketbook and seven dollars in money, or any part thereof, the personal property of Esau Eckler, from his presence, and against the will of said Eckler, by violence or putting said Eckler in fear of some immediate injury to his person, they should find the defendant guilty, and fix his punishment at confinement in the penitentiary for not less than two years nor more than ten years, in their discretion, governed by the proof." The second instruction was in regard to petit larceny. The third instruction was to the effect that, if the jury believed the defendant guilty beyond a reasonable doubt, but entertained a reasonable doubt as to the degree of his guilt, they should find him guilty of petit larceny only. The fifth instruction was to the effect that if, upon the whole case, the jury entertained a reasonable doubt of the guilt of the defendant having been proven, they should acquit him. The contention of appellant is that there was no evidence tending to prove that the appellant committed the offense of robbery. The evidence as to the taking of the pocketbook in question was given by Esau Eckler, and is in words as follows: "I am acquainted with Mat Jones, the defendant. I have known him for several years. Some time in December, 1900, shortly before Christmas,—I think it was on court day,—Mat Jones came up to me at the corner of Main

and Pike streets, in Cynthiana, Harrison county, Kentucky, about four o'clock in the afternoon. I think it was about that time for the four o'clock train was just blowing. I asked Jones if he had seen my son, James Eckler. He said that he had and that he would take me to him if I would go. I told him I would, as I wanted to get him, and go home. We then walked north on Main street a short distance below where the new church was being built, and to the head of the alley. Jones then asked me if I would change a quarter for him, and I told him I thought I could, and took my pocketbook from my pocket, which was a leather pouch, or 'ridicule,' as I called it, closing by means of a draw string. I held the book in my left hand, and put my right hand into it and drew out a dime, and just as I was putting my hand in the book a second time Jones reached over and took the book from my hand, and ran up the alley. I called to him to stop with my pocketbook, but he didn't stop. I had about $7.00 in the book and my tax receipt. I had paid my taxes that day." On cross-examination Eckler testified as follows: "I was holding my pocketbook in my left hand, and had my right hand in it, and Jones grabbed it out of my hand, and ran up the alley." There was other testimony tending to show that the appellant really had the pocketbook in his possession, but no witness testified about the transaction of taking except Eckler. Counsel for appellant cites many authorities showing that there must be some force used in the taking of the property, or that the injured party must have been put in some fear. It may be conceded that the authorities sustain this contention of appellant, but it is the contention of appellee that the facts and circumstances proven in this case sustain the verdict, and that the jury were authorized under the evidence to find the defendant guilty of the charge of robbery, and cites

several decisions of this court in support of his contention.
In Williams v. Com., 20 R., 1850 (50 S. W., 240), the court
had under consideration the law governing the offense of
robbery.   The injured party in this case testified as follows:
"I was standing with my back to this colored man, and he
got behind me and wrenched the pocketbook out of this
[left] hand; and, of course, he being stronger than I, I had
to give way to him, and let him have it."   On cross-exam-
ination she said:   "No, because you do not know more than
just take it from your hand. , That man took it by main
force from my hand."   The court, in discussing the testi-
mony, said:   "The crime of robbery in this State is the same
as at common law.   The statute does not attempt to define
the crime; only provides the penalty.   We are clearly of
the opinion that the testimony of the Commonwealth, if
true, showed that the crime of robbery had been committed."
In Davis v. Com., 21 R., 1295 (54 S. W., 959), this court
again had under consideration the offense in question.   In
discussing the case it said:   "It will be observed that the
snatching of the money from Barton's hand was excluded
from the jury by the second instruction, as evidence of act-
ual violence.   We think this fact was evidence to go to
the jury, and they should have been instructed to convict
if the money was taken against Barton's will by actual
force."   In Blanton v. Com., 22 R., 515 (58 S. W., 422), the
court, in discussing the offense of robbery, said:   "The tak-
ing must be by violence, or by putting the owner in fear;
but both of these circumstances need not concur.   Williams
v. Com., 20 R., 1850 (50 S. W., 240).   Under the rule an-
nounced in this case, and the authorities cited therein,
the indictment is sufficient.   It was held in the same case
that to snatch a pocketbook from another's hand was rob-
bery, and in Snyder v. Com., 21 R., 1538 (55 S. W., 679), it

was held that, if the victim was pushed or shoved about by
the pickpocket or his associate for the purpose of diverting
his attention, and the crime is then accomplished, it is rob-
bery, even if the victim is at the time unaware of his loss."
This court, in the recent case of Com. v. Davis (filed Jan. 10,
1902) 23 R., 1717 (66 S. W., 27) had under consideration
the crime of robbery. After stating the case, the court
said: "The prosecuting witness testified that she was walk-
ing along Fourth street about one o'clock in the daytime;
that she saw two boys in a yard of an empty house; that,
after she passed beyond, one of them slipped up behind her,
grabbed her purse which she was carrying in her hand, and
that she resisted with all her force, but that he slipped one
of his hands over her wrist, and wrenched her pocketbook
out of her hand with his other hand; and that it contained
$10; and that the boy ran off with it, she pursuing." The
court then proceeded to refer to the facts which in law
constitute robbery, which are stated substantially as
contended for by appellant. The court then said: "It is
not so much the extent and degree of violence which makes
the crime as the success thereof. Any force which is suffi-
cient to take the property against the owner's will is all
that is necessary to make up the crime of robbery." Under
the Civil Code of Practice this court can not reverse a judg-
ment of conviction if there be any evidence tending to estab-
lish the guilt of the accused. In this case it must be con-
ceded that the snatching of the pocketbook from the hand
of Eckler required some force or violence, and the jury
might perhaps infer from all the statements of the wit-
ness that he was put in some fear, else he would have made
greater effort to recapture his money; hence it seems to us
that, taking all the testimony introduced in this case, there
was evidence tending to show that the appellant took the

pocketbook and money by violence, and probably put the witness in some fear. It is true that the witness did not state that he was put in fear, nor that he tried to hold onto the pocketbook; he does not appear to have been asked specially on these points; in fact, the snatching or grabbing and jerking of pocketbook out of the witness' hand was probably done so quickly that he had no chance to actively resist; and, if this be true, we think such taking or snatching must be construed as taking by violence or force. It results from the foregoing that the court did not err in respect to the giving or refusing of instructions.

For the reasons indicated, the judgment is affirmed.