CASE 31.—PROSECUTION AGAINST WALTER STOCKTON
        AND ROBERT TILLMAN FOR ROBBERY.—April 11.

# Stockton, &c., v. Commonwealth

Appeal from Mason Circuit Court.

JAMES P. HARBESON, Circuit Judge.

Defendants convicted and appeal. Affirmed.

Robbery—Taking Against Will of Owner.—The two defendants
    met the prosecuting witness, when one of them, asked him
    if he could change a $10 bill, holding out his hand, contain-
    ing some silver. When the prosecuting witness held out the
    bill to exchange for the silver, the other defendant snatched
    it out of his hand, and both defendants ran away. Held,
    that they were guilty of robbery.

J. M. COLLINS for Appellant.

THOS. R. PHISTER of Counsel.

Our contention is:
    (1)  Taking by means of a trick—This is not robbery in the
absence of violence.
    (2)  Intentional force—Where robbery is accomplished by
force or violence, it must appear that the violence was intentional.
    (3)  Snatching—The mere snatching of a thing from the hand
or person of another without any struggle or resistance by the
owner or any force or violence on the part of the theif does
not amount to robbery. But snatching an article from a person
will constitute robbery, if the thing is so attached to the person
or clothes as to afford resistance.

## AUTHORITIES.

Robertson Ky. Criminal Law, vol. 1, p. 379; Breckenridge v.
Com., 97 Ky., 267; Greenleaf Evidence, vol. 3, sec. 223; State

Stockton, &c. v. Commonwealth.

v. John, 69 Am. Dec., 777; Shinn v. State, 31 Am. Rep., 110; State v. Com., 43 Iowa, 418; Rex v. Gnosil, 1 C. & P., 504; State v.Jenkins, 36 Mo., 371; Am. & Eng. Encyclopedia, 1 Ed., vol. 21, p. 420; Allen v. Com., 86 Ky., 642; Williams v. Com., 7 Ky. Law Rep., 744; McDaniel v. State, 47 Am. Dec., 93; State v. Trexler, 6 Am. Dec., 558; 2 Russell on Crime, 68; Roscoe Crim. Evidence, 5 Am. Ed., 898).

### DISTINGUISHED.

Williams v. Com., 20 Ky. Law Rep., 1857; Davis v. Com., 21 Ky. Law Rep., 1295; 112 Ky., 689; 93 S. W., 1028; 21 Ky. Law Rep., 1538; 20 Ky. Law Rep., 1850; 57 L. R. A., 432).

T. B. SLATTERY, N. B. HAYS, Atty. Genl. and C. H. MORRIS for Appellee.

### POINTS AND AUTHORITIES CITED.

The jury is the proper tribunal to determine whether or not force was used. It heard the testimony in this case; saw the witness face to face, and saw Warner demonstrating how this money was taken from him and its judgment is that the defendant did use force in snatching this bill from Warner's hand. (Perry v. Commonwealth, 28 Ky. Law Rep., 512; Williams v. Commonwealth, 22 Ky. Law Rep., 1850).

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellants were indicted, tried, and convicted of the crime of robbery; each receiving a sentence of five years in the penitentiary. Appellants' counsel contends that the testimony did not show that the appellants had committed the crime of robbery, and that the court should have given a peremptory instruction to the jury to find for the appellants.

The testimony of Thomas Warner, the prosecuting witness, was to the effect that he lived in the county of Mason, and went to the town of Maysville, Saturday afternoon, March 10, 1906; that he went to the

bank, and had two checks cashed, one for $8 and the other for $14. After leaving the bank he met appellant Stockton, who asked him if he desired to trade a watch for a pistol. He informed him that he did not, and then was asked by Stockton if he played cards or shot dice, and he informed him that he did not. Witness then went to Front street. Witness further stated: ''When Stockton and I got to the alley on Front street, Tillman came down the alley to us. Stockton asked me if I could change a $10 bill. Tillman was standing to my right and Stockton in front of me. I first reached out my hand towards Stockton with the $10 bill in it; but, when I saw that Stockton had not the money in his hand to exchange for it, I withdrew my hand. Then Stockton says— after taking some silver money out of his pocket and kinder holding out his hand, said, 'Now let me have the bill.' I stretched out my hand with the $10 bill, holding the bill in my hand. Whereupon Bob Tillman, who was standing at my right, snatched the bill from me, and they both ran. Stockton on down Front street, and Tillman back up the alley, and into the rear of the livery stable of Coughlin's. I followed Tillman into the stable, where he was jumping behind buggies and horses. I demanded my money, but Tillman said he did not have it; that he gave it to Stockton. Tillman then said he would go with me down to Kate Vinegar's; that Stockton had gone there, and we would see if we could not get it back. We went there, but Stockton was not there. While returning, I kept insisting on my money. Whereupon Tillman told me, if I did not get any, he would have me arrested, and swear that he had won the money from me gambling on the railroad coming back from Vinegar's. I offered Tillman $2 if he would only

give me back the $10. Then it was that Tillman threatened to have me arrested, and swear that he had won it." The defendants testified that Tillman won the $10 from Warner at a game of cards played in the alley. Warner denied this statement.

The claim of appellants' counsel is that, conceding the truth of Warner's statement, the force or violence used in taking the $10 bill from him was not sufficient to constitute the crime of robbery. Authorities on criminal law and the decisions of the courts, while they differ somewhat in their verbiage, in substance define the offense of robbery to be the felonious taking of property from the person of another against his will, by force, violence, or putting the person in fear. As to the extent of the force necessary to be used to constitute the crime, the courts of different states are not in accord, and the appellants' counsel cites several cases from other states which seem to support his contention; but this court has determined that the felonious taking of property from a person against his will, by force or violence, however slight, constitutes the offense. In the case of Snyder v. Commonwealth, 55 S. W. 679, 21 Ky. Law Rep. 1538, this court said: "While to pick one's pocket without the use of some force or violence, or putting in fear, is not robbery, yet if the victim is being pushed or shoved about by the pockpocket or his associate for the purpose of diverting his attention, and the crime is then accomplished, it is robbery, even if the victim is at the time unaware of his loss. 1 Roberson's Ky. Cr. Law, sec. 290, and cases cited there." In the case of Jones v. Commonwealth, 112 Ky. 689, 66 S. W. 633, 57 L. R. A. 432, 99 Am. St. Rep. 330, the prosecuting witness, Eckler, testified as follows: "I was holding my pocketbook in my left

hand, and had my right hand in it, and Jones grabbed it out of my hand and ran up the alley.'' In that case the court said: ''It is true that the witness did not state that he was put in fear, nor that he tried to hold onto the pocketbook. He does not appear to have been asked specially on these points. In fact, the snatching or grabbing and jerking of the pocketbook out of witness' hand was probably done so quickly that he had no chance to actively resist; and, if this be true, we think such taking or snatching must be construed as taking by violence or force.'' See, also, the cases of Davis v. Commonwealth, 54 S. W. 959, 21 Ky. Law Rep. 1295, Perry v. Commonwealth, 85 S. W. 732, 27 Ky. Law Rep. 512, and Williams v. Commonwealth, 50 S. W. 240, 20 Ky. Law Rep. 1850.

Appellants also contend that the proof did not show that the money was taken against his will; that his intention was to surrender it, and he was offering to do so when it was taken. We cannot agree to this. It is true that he was intending to deliver it to Stockton, as a favor to him, in exchange for $10 in silver; but he did not intend to part with it until he received the silver, and had not parted with it when it was snatched from his hand by Tillman.

The instructions given by the court present the law of the case to the jury. At least, they contain no error prejudicial to appellants' substantial rights. The penalty fixed is complained of as too severe; but it was the province of the jury to fix the penalty, and it is not so severe that we feel authorized to disturb their action in the matter.

For these reasons, the judgment of the lower court is affirmed.