CASE 76.—PROSECUTION AGAINST ·ROBERT BROWN AND OTHERS FOR ROBBERY.—March 18, 1909.

## Brown, &c. v. Commonwealth

Appeal from Bell Circuit Court.

M. J. Moss, Circuit Judge.

Defendant convicted and appeals.—Affirmed.

1. Indictment and Information—Formal Requisites—Signature of Public Prosecutor.—Since the Code does not· require the commonwealth's attorney to sign an indictment, the signing or printing by mistake of the name of a person to it as commonwealth's attorney who is not such officer does not invalidate it.

2. Robbery—What Constitutes—Force—Putting in Fear.—To constitute robbery, the person robbed must be deprived of property by force, or by putting him in fear.

3. Robbery—Sufficiency of Evidence.—Evidence tnat one of defendants asked prosecutor for a dime with which to buy beer, and that, on the latter's drawing some money from his pocket, the other defendant suddenly and forcibly wrenched the money from prosecutor's hand, and fled with it, authorized a conviction for robbery, and an · instruction on larceny was properly refused.

J. G. ROLLINS counsel for appellants.

W. B. HAYS of counsel.

The judgment herein should be reversed, because:

1. The evidence does not show that anything of value was taken from the man, Roberts, said to have been robbed.

2. Because the court failed to give the jury the whole law of the case by instructing. them on the law of grand and petit larceny.

3. The court erred in its first instruction to the jury in this; if either Charley Woods or Pearl Wiggins aided Robert Brown,

the court instructs the jury to find both guilty, although the other may not have so aided him.

JAMES BREATHITT attorney general by TOM B. McGREGOR assistant attorney general.

Section 262, Criminal Code, provides:  "Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment."

Section 263 of the Code provides in part:  "The offenses named in each of the subdivisons of this section shall be deemed degrees of the same offense in the meaning of the last section.  The third sub-division of that section is:  "All offenses of larceny."

Roberson's Criminal Law, Section 295, reads·  "Bobbery being a higher grade of crime than larceny, the former includes the latter, and if, under an indictment for robbery, the aggravating matter essential to constitute the crime be not proven, the defendant may be convicted of grand, or of simple, larceny."

Commonwealth v. Prewitt, 82  Ky., 240; Sullivan v. Commonwealth, 9 Ky. Law Reep., 420; Bibb v. Commonwealth, 33 Ky. Law Rep., 726; Jones v. Commonwealth, 115 Ky., 592; Dawson v. Commonwealth, 74 S. W., 701; Snyder v. Commonwealth, 21 Ky. Law Rep., 1538.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The appellants, Robert Brown, Charlie Woods, and Pearl Wiggins were indicted, tried, and convicted of the crime of robbery, the punishment of each being fixed at confinement in the penitentiary two years.  Appellants ask a reversal of the judgment of conviction.

Numerous errors are assigned, but only two of them are relied on for the reversal asked.  The first complaint is that the court erred in overruling appellant's demurrer to the indictment.  At the close of the indictment appears the name of G. A. Denham, as commonwealth's attorney of the Twenty-Sixth judicial district, when it should have contained the name

of J. B. Snyder, present commonwealth's attorney, of the judicial district. Denham was the predecessor in office of Snyder, and it is admitted that the indictment against appellants was written upon a partly printed form, which was one of a lot that had been procured by Denham while commonwealth's attorney, and that in preparing the indictment Snyder forgot to erase the name of Denham and write his own in lieu thereof as commonwealth's attorney. The error did not affect the validity of the indictment. In the case of Sims v. Commonwealth, 13 S. W., 1079, 12 Ky. Law Rep. 215, it is said: "The Code does not require the commonwealth's attorney to sign the indictment. It makes no difference whether the person signing the indictment was a county or commonwealth's attorney. The law did not require either to sign it."

If, as thus held, neither the county nor the commonwealth's attorney is required by the Code to sign the indictment, it necessarily follows that the signing or printing by mistake of the name of a person to it as commonwealth's attorney who is not such officer would not invalidate it. The mistake could have no other effect that would the absence from the indictment of the name of the commonwealth's attorney or county attorney. It is further insisted for appellants that the trial court erred in failing to instruct the jury as to the law in respect to larceny, and that the evidence upon which they were convicted, if it showed them guilty of any crime, more directly tended to prove them guilty of larceny than robbery; and, $6 being the amount of which the owner was deprived by them, they should have been convicted of petit larceny if convicted at all; whereas the instructions that were given only contained the law as to robbery, and compelled the jury to find appellants guilty

of that crime, or to acquit them. It remains to be seen
whether the evidence supports this contention. That
introduced by the commonwealth conduced to prove
that William Roberts and another man named John-
son were in the city of Middlesboro on the night of the
robbery, having gone there from the state of Virginia.
Together they walked along one of the streets of the
city until they reached a point in front of the Shady
Grove saloon and near a restaurant, where they met
two negro men and a negro woman. The negro wo-
man was Pearl Wiggins, and one of the negro men
the appellant Charles Woods. The other man was a
one-eyed negro, but there was contrariety of evidence
as to whether he was the appellant, Robert Brown, or
another one-eyed negro known as "Bram." Upon
meeting the three negroes something was said by
Johnson to them, and the appellant Charles Woods
then started away with Johnson, ostensibly for the
purpose of conducting him to a barber's shop, leaving
Roberts with the other negroes. At that juncture
Pearl Wiggins asked Roberts for a dime to buy a
bucket of beer. Evidently intending to comply with
her request, Roberts drew some money from his pock-
et, and after he did so the one-eyed negro man with
Pearl Wiggins suddenly, and with force and violence,
snatched or wrenched the money from Roberts' hand,
and with equal suddenness swiftly fled and escaped
with it. The amount thus taken was $6. The arrest
of the three appellants speedily followed. Mrs. Ger-
rish, a witness for the commonwealth, was standing
in the door of the restaurant, in plain view of the
parties, when the robbery occurred, and claimed to
have seen the entire transaction. She testified that
the negro man, who snatched the money from Roberts'
hand and ran away with it was a one-eyed man, and

identified the appellant Brown as the guilty person.
Two other witnesses testified that he was in a negro
restaurant on an alley in the rear of the Shady Grove
saloon immediately before the robbery, and one of
them said that he was then trying to borrow a bucket
to get some beer for Pearl Wiggins. The evidence
fails to show that he was seen at the place of the rob-
bery after its occurrence. The appellants, Brown and
Pearl Wiggins, admitted all the facts as to the rob-
bery, except they claimed that it was the one-eyed
negro Bram, and not Brown, who siezed and fled with
Roberts' money. They also proved by two or more
witnesses that Bram resembles Brown; that he, too,
was seen near the scene of the robbery shortly before
it was committed, and that immediately thereafter
he left Middlesboro, and has not since returned.

While the evidence was conflicting as to the identity
of Brown and as to Woods' connection with the crime,
we are unable to say that it furnished no basis for the
verdict of the jury. It was for the jury to say whether
Brown or Bram was the money-snatcher, and whether
Woods and Pearl Wiggins were aiders and abettors
in the commission of the crime. We are not at a loss
to understand how the jury constructed from the evi-
dence as a whole the theory that each of the appel-
lants  contributed to the crime charged; the part as-
signed Woods being to get Johnson separated from
Roberts that he might not assist the latter to resist
the robbers, the act of Pearl Wiggins in asking of
Roberts the dime to buy beer being a subterfuge to
get him to pull the money from his pocket that Brown
might be afforded the opportunity to forcibly take it
from him, and Brown's part of the enterprise to pos-
sess himself by force of the money after Roberts drew
it from his pocket. The evidence clearly shows that

force was required and used to deprive Roberts of his money, and to constitute robbery the person robbed must be deprived of his property by force, or by putting him in fear. In Davis v. Commonwealth, 54 S. W. 959, 21 Ky. Law Rep., 1295, it was held the fact that the defendant snatched money from the hand of another was evidence of actual violence, which entitled the prosecution to an instruction to the jury to convict if the money was taken against the owner's will, by actual force. And in Jones v. Commonwealth, 112 Ky., 689, 66 S. W., 633, 57 L. R. A., 432, 99 Am. St. Rep., 330, it was also held that, where defendant snatched a pocketbook from the hand of another so quickly that he had no chance to actively resist, there was such a taking by violence as authorized a conviction under an indictment for robbery.

The trial court did not err in failing to give an instruction under which the jury might have found appellants guilty of larceny. There was indeed no proof of larceny; it was wholly and altogether to the effect that Roberts' money was taken from him by force and with such violence and suddenness as gave him no opportunity to resist the robbers. The crime was therefore robbery, and the instruction authorizing the jury to find appellants guilty of robbery, together with the one as to the reasonable doubt, gave to the jury all the law of the case.

Wherefore the judgment is affirmed.