## Graves v. Commonwealth.

(Decided January 13, 1920.)

### Appeal from Fayette Circuit Court.

1. Robbery—Sufficiency of Indictment.—An indictment accusing the appellant of the crime of robbery by alleging that he did "unlawfully by force and violence and by putting A. B. Maples in fear of bodily harm take, steal and carry away from the person, in the actual presence of A. B. Maples and against his will and consent, one gold watch, the property of said Maples and the subject of larceny, with the felonious and fraudulent intent to

convert the same to his own use and permanently deprive the
owner of his property therein," sufficiently alleged such facts
as constituted the offense charged; and as on the trial of ap-
pellant thereunder the evidence showed that the watch was taken
by him from the person of the owner by suddenly and forcibly
assaulting and overpowering the latter, and violently jerking the
watch from his pocket and fleeing with it, such proof authorized
the verdict of the jury finding him guilty of robbery.

2.  Robbery—What Constitutes Crime of.—To constitute the crime
of robbery the person robbed must be feloniously deprived of
his property by force or by putting him in fear. If it be proved
that he was deprived of the property by force, it need not be
proved that he was also put in fear.

3.  Criminal Law—Former Conviction—Appeal and Error.—The fail-
ure of the trial court to exclude, as incompetent, a question in-
quiring of appellant on cross examination whether he had previ-
ously been convicted of another robbery, was not reversible
error, as the question was given a negative answer and the in-
quiry ended with the single question.

FRANK L. McCARTHY for appellant.

CHARLES H. MORRIS, Attorney General, and CHARLES I.
DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, George Graves, was tried and con-
victed in the court below, and his punishment fixed by
verdict of a jury and judgment of the court at confine-
ment in the penitentiary two years, under an indictment
charging him with the crime of robbery. He was refused
a new trial and by this appeal seeks a reversal of the
judgment, assigning as error the following grounds: (1)
Refusal of the trial court to peremptorily direct a verdict
of acquittal by the jury at the conclusion of the Common-
wealth's evidence. (2) The admission of incompetent
evidence on the trial.

The first contention is bottomed upon the theory that
there was a fatal variance between the evidence and
allegations of the indictment setting forth the facts con-
stituting the crime charged, the allegations being that
the appellant did "unlawfully and feloniously by force
and violence and by putting A. B. Maples in fear of
bodily harm take, steal and carry away from the person,
in the actual presence of A. B. Maples and against his
will and consent, one gold watch, the property of said
Maples and the subject of larceny, with the felonious
and fraudulent intent to convert the same to his own use

and permanently deprive the owner of his property therein,'' whereas the evidence of the Commonwealth, though showing the taking by appellant of the watch by force and violence from the person of the owner without his consent, failed to show that it was taken by putting him in fear. In other words, it is argued by appellant's counsel that in order to constitute the crime of robbery the person robbed must be deprived of his property, both by force and putting him in fear. Such is not the law. The crime is accomplished if the owner is deprived of his property either by force or by putting him in fear.

Quite an elaborate discussion of this question and reference to numerous authorities bearing upon it may be found in Brown, etc. v. Commonwealth, 135 Ky. 635. In the opinion it is in part said:

''The evidence clearly shows that force was required and used to deprive Roberts of his money, and to constitute robbery the person robbed must be deprived of his property by force, or by putting him in fear. . . . The trial court did not err in failing to give an instruction under which the jury might have found appellants guilty of larceny. There was indeed no proof of larceny; it was wholly and altogether to the effect that Roberts' money was taken from him by force and with such violence and suddenness as to give him no opportunity to resist the robbers. The crime was therefore robbery, and the instruction authorizing the jury to find appellants guilty of robbery, together with the one as to the reasonable doubt, gave to the jury all the law of the case.''

In Davis v. Commonwealth, 21 R. 1295, cited in the opinion of the case, *supra,* it was held that the fact defendant snatched money from the hand of another was evidence of actual violence, which entitled the prosecution to an instruction to the jury to convict if the money was taken against the owner's will, by actual force. In Jones v. Commonwealth, 112 Ky. 689, also cited in Brown, etc. v. Commonwealth, *supra,* it was held that where the defendant snatched a pocket book from the hand of another so quickly that he had no chance to actively resist, there was such a taking by violence as authorized a conviction under an indictment for robbery.

The authorities referred to are conclusive of the instant cases, the facts of which, as conclusively shown by the evidence, are in brief as follows: The prosecuting witness, A. B. Maples, while sitting alone in the rear

room or door of Baxter's saloon in the city of Lexington, about six o'clock p. m., was suddenly and unexpectedly to him, assaulted by the appellant who with great force and violence overpowered him and before he could get upon his feet or offer any resistance, seized and snatched from his person and pocket his gold watch and chain and with it in his possession quickly made his escape from the saloon by fleeing through the front room onto the street, pursued by his victim, who was unable to overtake him. Appellant was unknown to Maples, but was known to a witness by whom he was recognized and identified as he ran out of the saloon pursued by Maples. Appellant's arrest was not effected until a month later and after his indictment for the robbery. Maples did not claim to have been put in fear by the acts of appellant, and it can well be imagined that he was more angered than frightened by the outrageous conduct of the latter. In view of the force used by appellant to deprive Maples of his watch, it was unnecessary for the Commonwealth to prove that the latter was put in fear in order to convict the former of the crime charged; proof, as made, of the force alone was sufficient. It therefore follows that there was no variance between the proof and allegations of the indictment, hence the action of the trial court in refusing the instruction directing his acquittal, asked by appellant, was not error.

Appellant's complaint of the admission of incompetent evidence on the trial is also without merit. The alleged incompetent evidence was elicited from the appellant upon his cross examination. The question asked him was whether he had previously been imprisoned under a charge of robbing a man of a pistol. To which he answered "no" and that he was not guilty of such an offense, but had been imprisoned for vagrancy. The court should have sustained the objection of appellant's counsel to the question and excluded the evidence, but in view of the answer to the question and complete showing made of appellant's guilt of the offense charged in the indictment by all other evidence in the case, we do not think he was prejudiced in any substantial right by the admission of the evidence complained of. It cannot even be claimed to have served to aggravate his punishment at the hands of the jury, as by the verdict returned he was given the minimum penalty. It is not every error of law on the record that will justify a reversal. Under section 340, Criminal Code, a judgment of conviction will

not, on appeal, be reversed for error committed by the trial court, except when, upon consideration of the whole case, the Court of Appeals is convinced that the substantial rights of the defendant have been prejudiced. Overstreet v. Commonwealth, 147 Ky. 471; Fuget v. Commonwealth, 177 Ky. 294.

The instructions, which are not complained of, correctly advised the jury of all the law of the case; and as we are satisfied appellant received a fair trial and was justly convicted, and no legal cause is shown for disturbing the verdict, the judgment is affirmed.