## Lunce v. Commonwealth.

(Decided December 20, 1929.)

M. G. COLSON for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the offense of robbery and sentenced to serve two years in the penitentiary. He appeals.

He insists that the demurrer to the indictment should have been sustained, that he was entitled to a

peremptory instruction, and that the instructions given were erroneous. The facts are these: Albert Clark borrowed a pistol belonging to Sol Simpson and worth $28. Clark in turn loaned this pistol to John Slusher. Slusher and the appellant met near the railroad and just above the hotel at Black Mont in Bell county. They seem to have been in a crowd of young people congregated in front of the hotel. According to the evidence of the commonwealth, the appellant walked up to Slusher, who was carrying Simpson's revolver in the right front pocket of his trousers, took the pistol out of Slusher's pocket, and told Slusher to run, firing under Slusher's feet as he did so. Slusher did not argue with the appellant but did as he was commanded. Just what the appellant did with the revolver is not clear from the commonwealth's proof, although, as all agree, the pistol was later seen in the possession of the appellant's brother, who has since left the country and cannot be found. The pistol was never recovered by either Slusher, Clark, or Simpson. According to the evidence for the appellant, Slusher drew the revolver he was carrying and presented it at the appellant, who, in order to save himself, as he thought, from harm, snatched it from Slusher's hand and threw it over the railroad bank. Appellant says he had no idea of stealing this gun, and that without any connivance on his part his brother, who happened to be passing by there, saw the revolver on the ground, picked it up, and disappeared with it. From this statement of the case it is plain that it was one for the jury, and appellant was not entitled to a peremptory instruction. Branham v. Commonwealth, 223 Ky. 233, 3 S. W. (2d) 629.

Appellant insists that his demurrer to the indictment should have been sustained because the indictment failed to aver that the pistol had been taken forcibly and against the will and consent of Slusher and by putting him in fear; but all of these allegations which appellant says should have been in the indictment were in fact in the indictment.

Coming to the instructions, we find that the court only submitted to the jury the issue whether the appellant had committed the offense of robbery or not. The appellant insists that he was entitled to an instruction on grand larceny. His contention in this regard is fully answered by the opinion of this court in the case of Arm-

strong v. Commonwealth, 190 Ky. 217, 227 S. W. 162, 163. We there said:

> "The distinguishing characteristic of robbery is the employment of force or intimidation in taking from the person or possession of the owner or custodian personal property; while larceny is, ordinarily, a taking of such property by stealth, and may, or may not, be from the person or presence of the one in possession. Any force sufficient to take one's property against the will is robbery. Graves v. Com., 186 Ky. 479, 217 S. W. 356; Adams v. Com., 153 Ky. 88, 154 S. W. 381, 44 L. R. A. (N. S.) 637; Stockton v. Com., 125 Ky. 268, 101 S. W. 298, 30 Ky. Law Rep. 1302; Brown v. Com., 135 Ky. 635, 117 S. W. 281, 135 Am. St. Rep. 471 (21 Ann. Cas. 672); Blanton v. Com., 139 Ky. 411, 58 S. W. 422, 22 Ky. Law Rep. 515; Jones v. Com., 112 Ky. 689, 66 S. W. 633, 23 Ky. Law Rep. 2081, 57 L. R. A. 432, 99 Am. St. Rep. 330; Breckinridge v. Com., 97 Ky. 271, 30 S. W. 634, 17 Ky. Law Rep. 163; Davis v. Com., 54 S. W. 959, 21 Ky. Law Rep. 1295.

> "In Graves v. Commonwealth, supra, the defendant by suddenly assaulting and overpowering the owner, took from his person his gold watch and chain and escaped with them by flight. In Brown v. Com., supra, a pocketbook containing $6 was suddenly and unexpectedly to the owner snatched from his hand by the defendant immediately followed by the swift flight of the latter. In Jones v. Com., supra, the defendant snatched from the hand of the owner a pocketbook so quickly that the latter did not have time to actively resist. In Davis v. Com., supra, money was suddenly snatched by the defendant from the hand of the owner. It will thus be seen that in none of these cases did the force or putting in fear precede the taking of the property, but in each instance accompanied it; the force and taking of the property being one and the same act, and the force consisting of the violence employed in taking the property. It will further be found that in each of the cases cited it was held that the perpetrator of the crime was not guilty of grand larceny, but of robbery, as charged in each indictment."

However, it will be noted from our statement of the case that it was the appellant's contention that, although

he took the pistol in question forcibly from the possession of Slusher, he did so in order to protect himself from an assault by Slusher and without any animus furandi, and that he at once threw the pistol over to one side and was never thereafter in possession of it. In this the case is strikingly similar to that of Southerland, Lawson, and Vaughn v. Commonwealth, 217 Ky. 94, 288 S. W. 1051, 1053. In that case the defendants and one Prewitt had gotten into a fight. According to the commonwealth, the defendants took from Prewitt a revolver in this fight. According to the defendants Prewitt drew the gun upon them, and, in order to protect themselves, they disarmed him, retaining the gun to return to him later on. Under this state of case, we said:

"The defendants were, however, entitled to an instruction presenting their theory of the case.

" 'Ordinarily, the defendant's theory of the case is simply "not guilty," and this theory is fully presented by the instruction to acquit him, unless he is proven guilty beyond all reasonable doubt.

" 'However, there are cases where the accused admits one or more of the essential elements of the offense charged, but attempts to avoid conviction by proving facts or circumstances to excuse what he did, and under such circumstances his theory of the case should be set out in a special instruction.' Gibson v. Com., 204 Ky. 748, 265 S. W. 339.

"These defendants admit taking from Prewitt the pistol in question, but claim they did so because Prewitt was then endeavoring to shoot one of them, and refused to give it back to him after he had walked to the car with them, because they felt he was still angry and might shoot one of them, but they did ask him his name and told him they would return the pistol. That was their theory of the case, and by appropriate instruction it should have been submitted to the jury, and it told that, if it found that to be true, it should not find the defendants guilty of robbery, but of assault and battery only, and fix their punishment, etc.

"To constitute robbery, there must be present every element necessary to constitute larceny, plus a taking from the person or presence of the owner, either by violence or putting in fear. It is not a robbery if the animus furandi is lacking. Triplett

218

v. Com., 122 Ky. 35, 91 S. W. 281, 28 Ky. Law Rep. 974. These takings have been held not be larceny: Taking property from a drunken man to keep for him until he has become sober. Keely v. State, 14 Ind. 36. The taking of a pistol from another to prevent the use of it against the taker. Bailey v. State, 92 Ark. 216, 122 S. W. 497. The disarming of a guard by an escaping prisoner. Mahoney v. State, 33 Tex. Cr. R. 388, 26 S. W. 622. The taking of muskets from a vessel to prevent the use of them on the takers. U. S. v. Durkee, 25 F. Cas. No. 15009, McAll, 196.

"Larceny is a degree of the offense of robbery. See Richards v. Com., 67 S. W. 818, 24 Ky. Law Rep. 14. If, in a suspected robbery, accompanied by violence, the felonious intent, that is, the animus furandi, is lacking, the offense committed is an assault and battery, which is a degree of robbery. See Dickerson v. Com., 2 Bush, 1; Barnard v. Com. 94 Ky. 285, 22 S. W. 219, 15 Ky. Law Rep. 51."

The case at bar cannot be distinguished from this Southerland case, and on its authority, the judgment herein must be reversed, with instructions to grant the appellant a new trial in conformity with this opinion.