## DAVID W. ROBERTS v. STATE.

No. A-7558.   Opinion Filed Oct. 18, 1930.
Rehearing Denied Nov. 19, 1930.
(292 Pac. 1043.)

Frank Hickman, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of robbery with firearms, and

his punishment fixed by the jury at imprisonment for five years in the state penitentiary.

The evidence of the state was that the defendant went to the Rose Hill Filling Station in the east part of Tulsa, at about 1 o'clock in the morning on the 3rd day of January, 1929, and, after having the attendant put five gallons of gasoline in his car, asked him if he could change a $20 bill. After some conversation between defendant and the station attendant, the attendant finally found $19.05, which was the proper change for the $20 bill. In the meantime the defendant had gotten out of his car, and, leaving the engine running, had gone into the station carrying with him a billfold and what appeared to be a folded $20 bill. Defendant had the attendant count out the change into his hand; defendant put $15 in greenbacks into his billfold and the $4.05 in silver in his vest pocket and, as he handed the attendant the fake $20 bill, he pulled a pistol from his pocket and compelled the attendant and another person who was in the filling station with him to lie on the floor while he backed out of the station, got into his car, and drove away with the $19.05.

The station attendant and the other person present both testified that the taking of the money was accomplished through fear that the defendant would do violence and personal injury to them if they resisted. The defendant was arrested a few minutes after he left the station, and when questioned by the officers said that he had "held up a filling station,—the station out there," and had got the money and drove on east, and that he threw his gun away about 50 yards from where he was caught.

There is not much dispute in the evidence, except that the defendant testified that he had used no deadly weapon in gaining possession of the money, but that he merely

"flimflammed" the station attendant out of the money by giving him a fake replica of a one-peso Mexican bill; that after handing this fake bill to the attendant he merely pulled a shoe horn and a reloading pencil out of his pocket, backed out of the station, and ran away with the money.

Defendant first contends that there is a fatal variance between the allegations of the information and the proof on the part of the state, in that if the state's evidence proves anything, the defendant is guilty of larceny or obtaining property by false pretense, but is not guilty of robbery by the use of firearms. The information is in proper form and sufficiently charges the crime of robbery with firearms.

Section 1784, C. O. S. 1921, defines "robbery" as follows:

"Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

Section 1785, Idem, provides:

"To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery."

The essential elements of robbery with firearms are no different from those of any other kind of robbery, except that it is necessary for the state to prove that in the employment of force or violence to take or retain the property, the accused must have used firearms.

Under section 1784, supra, the property taken in the robbery must be taken either "from his person or immediate presence" of the person robbed, and the taking must

184

be against the will of the person robbed, and must be "accomplished by means of force or fear." There can be no robbery committed until the property has been forcibly taken or forcibly retained from the person or immediate presence of the person robbed. Until the taking is thus completed, the offense would be only an attempt to rob.

The defendant contends that the crime was complete in the case at bar when the defendant received the $19.05 from the filling station attendant, while the state contends that the receiving of the $19.05 was only the first step in the robbery, and that when the defendant produced his pistol and forced the station attendant to lie on the floor and took the money from the immediate presence of the station attendant and by force and fear retained possession of the same, that then the crime was completed and was robbery, and not larceny. The fact that the attendant delivered the $19.05 to the defendant, under the defendant's plan or scheme to obtain possession of the same, did not constitute that voluntary delivery required to complete the transaction, but was only one step in the plan of the defendant to obtain possession of such funds by force and violence if necessary. Evidently the $19.05 was handed to the defendant to enable him to determine whether he had been given the correct change, and was not intended to be a voluntary or unconditional surrender of the possession of such funds by the attendant. The defendant having obtained possession of such funds by his plan or scheme, then retained possession of the same by putting the attendant in fear by the use of firearms, and thus completed the crime of robbery.

The defendant cites the case of Monagham v. State, 10 Okla. Cr. 89, 134 Pac. 77, 46 L. R. A. (N. S.) 1149, as authority for the proposition that the original taking must

be by firearms. In paragraph 2 of the syllabus that court said:

"To constitute 'robbery,' as distinguished from 'larceny from the person,' there must be force, violence, or intimidation in the taking. Therefore, where there is no evidence tending to show that the defendant obtained or retained the personal property alleged to have been taken by force and violence or by putting in fear, the crime is grand larceny, and not robbery, and a verdict of guilty of robbery in the first degree is contrary to law and the evidence."

In that case there was no evidence of force or violence or intimidation in the taking, and no evidence that the defendant obtained or retained the personal property alleged to have been taken by force or violence or by putting in fear. The court does not undertake in that case to say when the taking was completed.

The evidence in the case at bar shows that the violence or force used by the defendant was not used to resist arrest nor to effect an escape, but was used concomitant with the taking and retaining itself and therefore comes within the requirements of the robbery statute, and within the definition of robbery set forth in the case of Monagham v. State, supra.

In the case of Armstrong v. Commonwealth, 190 Ky. 217, 227 S. W. 162, the Court of Appeals of Kentucky said:

"They are that on May 5, 1920, the appellant entered the jewelry store of F. J. Heintz in the city of Lexington and requested the latter to show him a diamond ring, saying he wished to purchase it, to match one owned by his wife, who was then in Cincinnati. Heintz was alone in the store; his clerk being at the time upstairs. Heintz at once took from a box in the showcase and placed on the counter for appellant's inspection a ring containing a diamond cluster wrapped in tissue paper, which he rec-

ommended. He also placed on the counter, similarly wrapped, a ring with a single diamond, which, when opened, appellant seemed to prefer. While this diamond ring was lying on the open paper, appellant commanded Heintz to throw up his hands and pointed a pistol to his face. Instead of throwing up his hands, Heintz called loudly to his clerk and dodged behind the counter, then arose, intending to grab the diamond ring, but this he was prevented from doing by a shot fired at him by appellant with the pistol, followed by two others, one of the three striking and passing through his arm. Appellant then ran, carrying the diamond ring with him. He was followed to the door and down the street by Heintz, whose shouts caused a policeman to intercept and arrest him. Upon being searched by the policeman, appellant was found in possession of the diamond ring of Heintz, and with the ring there was taken from his person a pistol, pair of brass knucks, and some small saws, such as are used by burglars.

"* * * The appellant's complaint of the trial court's refusal to direct a verdict of acquittal is equally without merit. It seems to be based on the claim of a variance between the allegations of the indictment and the evidence; it being argued by his counsel that whatever force was used by appellant upon or toward Heintz was employed after he obtained possession of the ring, and that to constitute robbery the force must have been used, or Heintz put in fear, previously to his being deprived of the ring. This contention is not supported by the evidence, nor does it correctly state the law, for it is not indispensably necessary that the force employed or the' putting of the person robbed in fear should precede the taking of the property. It will be sufficient if both or either accompany the taking of the property, and that was the case here. Heintz and appellant were the only persons present when the ring was taken by the latter, and the testimony of Heintz, which was uncontradicted, clearly shows that the diamond ring was taken by appellant when or immediately after he pointed his pistol at him and ordered him to throw up his hands, or while he was shooting at him; and

in any event there can be no doubt that the taking if the property constituted robbery, as it was effected both by force and putting the owner in fear. The distinguishing characteristic of robbery is the employment of force or intimidation in taking from the person or possession of the owner or custodian personal property; while larceny is, ordinarily, a taking of such property by stealth, and may, or may not, be from the person or presence of the one in possession. Any force sufficient to take one's property against the will is robbery. Graves v. Commonwealth, 186 Ky. 479, 217 S. W. 356; Adams v. Commonwealth, 153 Ky. 88, 154 S. W. 381, 44 L. R. A. (N. S.) 637; Stockton v. Commonwealth, 125 Ky. 268, 101 S. W. 298, 30 Ky. Law. Rep. 1302; Brown v. Commonwealth, 135 Ky. 635, 117 S. W. 281, 135 Am. St. Rep. 471 [21 Ann. Cas. 672]; Blanton v. Commonwealth, 139 Ky. 411, 58 S. W. 422, 22 Ky. Law Rep. 515; Jones v. Commonwealth, 112 Ky. 689, 66 S. W. 633, 23 Ky. Law Rep. 2081, 57 L. R. A. 432, 99 Am. St. Rep. 330; Breckenridge v. Commonwealth, 97 Ky. 271, 30 S. W. 634, 17 Ky. Law Rep. 163; Davis v. Commonwealth, 54 S. W. 959, 21 Ky. Law Rep. 1295."

In the case of Louis McNeal v. State, 11 Ohio Dec. 782, it is said:

"One who goes into a hardware store, asking to see a revolver, and when shown one, loading it, pointing it at the clerk and backing out of the store, is guilty of robbery.

"Jenner, J. The act of the plaintiff in error in going into a hardware store, asking to see a revolver, and, when shown one, loading it, pointing it at the clerk, and backing out of the store with the weapon, constituted the crime of robbery notwithstanding the revolver was peaceably given to McNeal and that there was no violent acts until after he had obtained it."

When the facts in the case at bar are considered in connection with the statute in this state defining robbery and the authorities cited in this opinion, it is evident that

188

the defendant was guilty of robbery and of no other crime, and that therefore there is no fatal variance between the allegations of the information and the proof adduced at the trial.

Defendant next contends that the court erred in failing to instruct the jury on the law applicable to larceny or obtaining money by false pretense. Since there is no evidence in the record tending to establish the crime of larceny or obtaining money by false pretense, it was not necessary for the court to give any such instruction.

The defendant made no objection to any of the instructions nor saved any exceptions to the same, and made no request for any other or different instructions. The instructions given by the court when considered together fairly state the law of the case and are as favorable to the defendant as the evidence requires.

The defendant complains of other errors, but they are all without any substantial merit.

EDWARDS, P. J., and DAVENPORT, J., concur.