## McIntosh v. Commonwealth.

Oct. 6, 1942.

Moss Noble for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Cammack—Reversing.

Elmer McIntosh and Fred Combs were indicted for robbery in Breathitt County. They were found guilty on their joint trial and both were sentenced to two years in the penitentiary. McIntosh is insisting that the judgment be reversed because the trial court erred in failing to give an instruction covering his theory of the case to the effect that he took parts of a shotgun to keep the prosecuting witness, Steve McIntosh, son of Pierce McIntosh, from shooting him and Fred Combs.

Combs had been going to see a daughter of Pierce McIntosh for some time prior to the day of the alleged robbery when he and the appellant went to the home of Pierce. Only a group of the McIntosh children were present when the two arrived. They were there only a short while when a difficulty arose between Steve McIntosh and Combs. During the difficulty Steve grabbed a single-barrel shotgun and started out of the house and about the time he reached the yard Combs grabbed him and both fell to the ground. While they were scuffling the gun came apart and the appellant picked up the barrel and the stock, leaving the wooden piece which fits under the barrel in the possession of Steve. Immediately after the scuffle the appellant and Combs left the McIntosh premises. The appellant took the two pieces of the shotgun with him. According to Elmer's testimony and that of Willie Bush, who lived a short distance down the creek from the home of Pierce McIntosh, the pieces of the shotgun were left at the Bush home. Elmer testified that he took the parts of the shotgun to keep Steve from shooting him and Combs, and that he had no intention of converting them to his own use. He said also that he asked Bush to tell Pierce McIntosh to come and get the gun parts. In addition to testifying that the parts of the gun were left with him by the appellant, Bush said that two or three days thereafter he told Steve what Elmer had said and that Steve said that he did not want the parts of the gun, that he was going to get more than that out of it, and that he would shoot the man who brought them back.

The instructions did not cover the appellant's theory of the case and the Commonwealth concedes that

478

such an instruction should have been given. Both sides agree that the cases of Southland et al. v. Commonwealth, 217 Ky. 94, 288 S. W. 1051, and Lunce v. Commonwealth, 232 Ky. 214, 22 S. W. (2d) 629, are in point. In this case, as in those, the accused admitted one or more of the essential elements of the offense charged, but attempted to avoid conviction by proving facts and circumstances to excuse what he did; under such circumstances his theory of the case should be covered in a special instruction.

It follows, therefore, that the judgment should be and it is reversed, with directions to set it aside and for proceedings consistent with this opinion.