## Schanz vs. The State.

An indictment charged that the defendant, "with force and arms, feloniously stole, took and carried away from the person of" &c., certain bank notes particularly described. *Held*, that the indictment was good, and was clearly found under sec. 15, chap. 165, and not under sec. 34, 35, 36 or 37, chap. 164, R. S.*

ERROR to the Municipal Court for *Milwaukee County*.

*Schanz* was convicted in said court under an indictment which is sufficiently described in the opinion of the court, and thereupon sued out a writ of error.

*E. Fox Cook*, for plaintiff in error.

*The Attorney General*, contra.

*By the Court*, COLE, J. There can be no doubt whatever that the indictment in this case charges the offense of larceny

---

*NOTE.—Section 15, ch. 165, R. S., provides that "every person who shall commit the offense of larceny by stealing from the person of another, shall be punished," &c. Section 34, ch. 164, provides that "if any person shall assault another, and shall feloniously rob, steal, and take from his person any money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed, or if, being so armed, he should wound or strike the person robbed, he shall be punished" &c. Section 35. "If any person, being armed with a dangerous weapon, shall assault another with intent to rob or murder, he shall be punished" &c. Section 36. "If any person shall by force and violence, or by assault and putting in fear, feloniously rob, steal, and take from the person of another, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, he shall be punished" &c. Section 37. "If any person, not being armed with a dangerous weapon, shall assault another with force and violence, and with intent to rob or to steal, he shall be punished" &c.

by stealing from the person of another, and is found under sec. 15, chap. 165, R. S. It charges, in effect, that the plain·tiff in error feloniously stole, took and carried away from the person of one Nicholas Sebastian the bank notes which are particularly described in the indictment. The counsel for the plaintiff in error contends that it is impossible to tell whether the indictment is found under that section, or whether it is found under section 34, chap. 164, or some one of the three subsequent sections of that chapter. To our minds it is very clear that the indictment does not attempt to describe an offense of robbery by a person armed. That is the offense named in the 34th section. Nor does the indictment charge an assault with intent to rob by a person armed, which is the offense named in the 35th section. Equally plain is it that the indictment does not contain the allegations necessary to describe an offense under either the 36th or 37th section. Indeed, as already remarked, it is very apparent that the indictment is on section 15, chap. 165. And it contains all the allegations essential to describe an offense under that section. Because the formal words are used that "with force and arms" *Schanz* feloniously stole, &c., from the person of another, the counsel insists that the pleader must have intended to describe the offense named in section 36, chap. 164. But the use of these words clearly does not make the offense robbery by a person not being armed. The distinction between the offenses named in section 36, chap. 164, and section 15, chap. 165, is so marked that they cannot readily be confounded. And they are certainly not confounded in this indictment. There are no circumstances of force and violence, or of an assault and putting in fear, which constitute robbery.

Again, it is said that the indictment does not charge *Schanz* with stealing "money." It charges him with stealing various bank notes, the denomination and value of which are stated. It seems to us that the indictment is good in this respect.

This disposes of all the material objections taken to the indictment.

The judgment of the municipal court is affirmed.