CASE 6—INDICTMENT—JUNE 6.

# Commonwealth vs. Yancy.

2du375
d114 725

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. It is felony to shoot at and wound another willfully and *maliciously*, with intent to kill. (1 *Rev. Stat.*, p. 382.) But. to do the same act *without malice*, and not in self-defense, is only a misdemeanor. (*Ibid, p.* 397.)

2. An examining court has power, when it adjourns the trial of a *misdemeanor* to a future day, to recognize the accused for his appearance. (*Crim. Code, sec.* 49; 3 *Met.*, 477.)

JOHN M. HARLAN, Attorney General, for the Commonwealth, cited 1 *Rev. Stat.*, p. 397; *Criminal Code, sec.* 49.

CAMPBELL & LANDES, on same side, cited *Crim. Code, secs.* 65, 92.

McPHERSON & CHAMPLIN, and H. A. PHELPS, for appellee, cited *Crim. Code, sec.* 49; 3 *Met.*, 477.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Pinkney Yancy—arrested under a warrant charging him with the offense of "shooting Robert P. Coleman with a pistol, *with intent to kill*"—entered into a recognizance before the inquiring justices with the appellee, W. B. Yancy, as his surety, for his appearance before that court of inquiry at a specified time and place for preliminary trial; and, failing to appear, his recognizance was adjudged forfeited.

A *scire facias* for judgment against the surety for the penalty was dismissed by the circuit court on the presumed ground that the justices had no authority to recognize the accused, and the recognizance was, therefore, void.

We cannot concur in that judgment.

Section 2d, of article 6th, chapter 28th, of Stanton's Revised Statutes, page 382, makes it felony to shoot at and wound another willfully and *maliciously*, with intent to kill.

But section 1, of article 17, page 397, makes it only a misdemeanor to do the same act *without malice*, and not in self-defense.

To be felony, the act must have been murder, if death had ensued; and to make the wounding a misdemeanor, killing must have been only manslaughter.

To charge a wounding simply, with intent to kill, characterizes the offense as a misdemeanor—to make it a felonious wounding, malice must be charged. (*Rapp vs. The Commonwealth*, 14th *B. M.*, 621; *Rennaker vs. The Commonwealth*, unreported.)

Consequently, the offense charged in this case was only a misdemeanor. And in such a case, the 49th section of the Criminal Code gives inquiring justices authority, when they adjourn the trial to a future day, to recognize the accused for his appearance. (*Commonwealth vs. Moore*, 3d *Met.*, 477.)

Wherefore, the judgment of the circuit court is reversed, and the cause remanded for further proceedings consistent with this opinion.