JUDGE ELLIOTT
delivered the opinion oe the court.
The appellant was indicted, tried, and convicted in the Daviess Circuit Court for the crime of forgery, and his motion in arrest of judgment and for a new trial having been overruled, he has appealed to this court; and the material question to be decided is as to the sufficiency of the indictment to warrant the judgment complained of. The indictment charges the offense as follows: “ The said N. M. Stowers, in the said county of Daviess, on the 4th day of March, 1872, and before the finding of this indictment, did forge the name of Ed. Bosley to an instrument of writing purporting to be the promissory note of N. M. Stowers and Ed. Bosley for $380, payable to Miss M. J. Smith, fourteen months after date, and dated 4th of March, 1872, with intent to defraud,” etc.
The Criminal Code of Practice, section 121, provides that-an indictment shall contain “a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what was intended.” It seems to this court that to charge a man with forgery is merely stating a conclusion of law, and that the indictment in this case is insufficient to support a judgment of conviction. The indictment should state the acts constituting the offense. If the indictment had charged that appellant signed Bosley’s name to the instrument without authority, or that he procured somebody else to so sign it with the intention to defraud, it may have been good, though there is some conflict of authority as to whether the indictment does not have to show the person the prisoner intended to defraud; but there can be no doubt that both at *344 common law and under our Code the indictment must charge and prove acts which constitute the crime of forgery, and so this court held in the case of Snider v. The Commonwealth (MS. Opinion); and as no fact or circumstances are stated in the indictment, from which it may appear that the offense charged was committed, and as the appellant moved to arrest the judgment of conviction, this cause is reversed and remanded with directions that the motion in arrest of judgment be sustained and the indictment dismissed.