CASE 9—INDICTMENT—SEPTEMBER 29.

## Commonwealth v. Bowman.

APPEAL FROM PENDLETON CIRCUIT COURT.

1. ARREST OF JUDGMENT.—Although the facts constituting the offense are so defectively stated in an indictment as to make it bad on demurrer, yet if the facts stated therein constitute a public offense within the jurisdiction of the court, it is error to arrest a judgment of conviction thereunder.

2. AN INDICTMENT FOR FORGERY, charging that the defendant did " forge and alter " a certain promissory note by making material changes therein set out in the indictment, does not state facts constituting a public offense, as it fails to allege that the changes specified were made without the authority of the makers of the note.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

Indictment sets out a public offense, therefore judgment cannot be arrested. (Section 276, Criminal Code.)

CHIEF JUSTICE QUIGLEY DELIVERED THE OPINION OF THE COURT.

At the April term, 1894, of the Pendleton Circuit Court, the grand jury of Pendleton county indicted the appellee Bowman for forging and altering a promissory note, committed in manner and form as follows : "The said Stonewall Bowman, on the ———— day of December, 1892, in the county and State aforesaid and before the finding of this indictment, did falsely, knowingly, fraudulently and feloniously and, with the wicked design to defraud, forge and alter an instrument purporting to be the promissory note of W. Y. Morris and Jas. J. Brown for ten dollars, dated December 26, 1892, and payable to the Falmouth Deposit Bank, of Falmouth, Kentucky, and due four months after the date thereof, by then and there feloniously altering and changing the said note after the same had been signed for ten dollars to and for thirty dollars, and did then and there feloniously thereafter present the same to the said bank, and sell and discount the same for thirty dollars to said bank, with intent to defraud."

A demurrer was entered to the indictment and overruled, and on issue being joined and trial had, appellee was found guilty and his punishment fixed by the jury at confinement in the penitentiary for two years. Thereupon, a motion was made in arrest of judgment, which motion the court sustained and dismissed the indictment, and from the judgment of the court so doing the Commonwealth prosecutes this appeal.

The only ground upon which a judgment shall be arrested is, that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. (Section 276, Criminal Code.) And it has

been repeatedly held by this court that, although the facts constituting the offense are so defectively stated in the indictment as to make it bad on demurrer, yet if the facts stated therein constitute a public offense within the jurisdiction of the court, it is error in the court to arrest the judgment. (Tully v. Commonwealth, 11 Bush, 154; Hodgins v. Commonwealth, 11 Ky. Law Reporter, 226.) So that it necessarily follows that the facts when stated, though defectively so, must be sufficient of themselves to constitute a public offense within the jurisdiction of the court. Section 122 of the Criminal Code of Practice requires the indictment to state the acts constituting the offense, and in such a manner as to enable a person of common understanding to know what is intended. For the purposes of this appeal, the court is restricted to the simple inquiry : Do the facts stated in the indictment constitute a public offense within the jurisdiction of the court?

The indictment is certain as to the party charged, the offense charged, and the county in which the offense was committed. If deficient at all, the deficiency consists in not alleging the particular circumstances of the offense charged, that is, the facts constituting the offense. This idea is tenable only upon the ground that the indictment is the pleading of the Commonwealth, and must state its grievance against the defendant in the manner prescribed by the Criminal Code of Practice as above set out, and that every material fact necessary to be proven on the trial, to convict the defendant, must be stated in the indictment in order to constitute a public offense.

Commonwealth v. Bowman.

In a case similar to this one, that of Stowers v. Commonwealth, reported in 12 Bush, 342, the indictment charged the offense to have been committed as follows: "The said N. M. Stowers, in the said county of Daveiss, on the 4th day of March, 1872, and before the finding of the indictment, did forge the name of Ed. Bosley to an instrument of writing, purporting to be the promissory note of N. M. Stowers and Ed. Bosley for three hundred and eighty dollars, payable to Miss M. J. Smith, fourteen months after date, and dated 4th day of March, 1872, with intent to defraud," &c. This court held: "That to charge a man with forgery is merely stating a conclusion of law, and that the indictment in this case is insufficient to support a judgment of conviction. The indictment should state the acts constituting the offense. If the indictment had charged that appellant signed Bosley's name to the instrument *without authority*, or that he procured somebody else to sign it with the intention to defraud, it may have been good, though there is some conflict of authority as to whether the indictment does not have to show the person the prisoner intended to defraud." And in the case of Commonwealth vs. Williams, reported in 13 Bush, 267, this court said: "There are several modes in which a forgery may be committed. It may be by signing the name of a person *without authority*, by procuring it to be so done by another, or by fraudulently altering *without authority*, although signed. Under our system, an indictment for forgery must inform the defendant of the particular acts relied upon to constitute his guilt."

The indictment under consideration charges that the defendant did forge and alter a note, &c. It fails to charge that the note was altered by him without the authority of the makers thereof. This fact had to be proven to establish his guilt. It constituted the gist of the offense, and should have been charged in the indictment in order to state facts sufficient to constitute a public offense within the jurisdiction of the court. (See White v. Commonwealth, 9 Bush, 179.)

The demurrer having been overruled, and the motion in arrest of judgment being simply in the nature of a demurrer to the indictment before final judgment, the judgment of the court sustaining the same and dismissing the indictment is affirmed.