## Hawks v. Commonwealth.

(Decided January 9, 1923.)

### Appeal from Caldwell Circuit Court.

1.  Criminal Law—Failure to File Demurrer to Indictment—Judgment. —Where no demurrer is filed to an indictment and the indictment is not called in question until after a verdict, the judgment will be sustained, even if it state a cause of action differently.
2.  Criminal Law—Intoxicating Liquors—Submission to Jury.—Where there is any evidence tending to show the guilt of the defendant, it is the duty of the trial court to submit the case to the jury.

J. ELLIOTT BAKER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Hawks, who was convicted in the Caldwell circuit court of the offense of selling intoxicating liquors and fined and given a jail sentence, has appealed.

For a reversal of the judgment he insists: (1) that the demurrer to the indictment should have been sustained; (2) that the verdict is not supported by sufficient evidence; and (3) the court failed to properly instruct the jury.

1.  With respect to the first ground it may be said that the record does not show that a demurrer was entered to the indictment, nor that any ruling was made upon a

demurrer to the indictment. We, therefore, cannot consider the alleged insufficiency of the indictment, in the absence of such ruling and exception thereto.

2. The evidence is conflicting. The witness for the Commonwealth states positively that he purchased a half pint of liquor from appellant and paid him $1.50 therefor; that this transaction took place some time last June. The officer who made the arrest testified that he saw appellant and the witness on the evening in question and that they were acting suspiciously and that when he arrested the witness he took from him a half pint of whiskey which had not been opened. Appellant testified he did not sell the witness any intoxicating beverage of any kind and he introduced a witness with whom he had been in conversation about the time of the alleged sale, to prove he made no such sale, and this witness stated in substance that while he was with appellant he did not see any such transaction take place. It, therefore, appears that while the evidence is not overwhelming, it was sufficient to carry the case to the jury and to sustain the verdict.

3. He next insists that the court erred in instructing the jury in that the instructions required the jury, if it believed appellant had sold whiskey within twelve months before the finding of the indictment to fix appellant's punishment as provided by law as passed by the legislature in 1922. As several of the twelve months had passed before the finding of the indictment and prior to the taking effect of the present prohibition law and the penalty prescribed by the new law is somewhat different from that prescribed by the act of 1920, the defendant, if the sale was made previous to the effective date of the Rash-Gullion act, was entitled to the benefit of an instruction under the law then in effect, and he relies upon the case of Davidson v. Commonwealth, 196 Kentucky 307. The facts of that case readily distinguish it from this case. Appellant testified the transaction of which complaint is made took place on June 8, 1922. That fixes the date perfectly. On the 8th of June, last, the present act was in full force and effect and if the sale was made at that time appellant was punishable under the act of 1922, and could suffer no penalty save that prescribed by that act; and in as much as the trial court instructed the jury as therein prescribed, he is in no position to complain.

Judgment affirmed.