## Dan Southerland, Cody Lawson and James Vaughn v. Commonwealth.

(Decided December 10, 1926.)

### Appeal from Laurel Circuit Court.

1.  Robbery—One Aiding and Abetting Robbery is Punishable as Principal, Though Receiving None of Money, and Amount Taken is Immaterial.—One who is present and aids and abets a robbery

is punishable as a principal, though he receives none of the money, and the amount taken is immaterial.

2. Criminal Law—Defendants in Robbery Prosecution were Entitled to Instruction on Their Defense Submitting Theory that Pistol was Taken to Prevent Shooting with Intention to Return it.—Where defendant's theory in prosecution for robbery was that pistol alleged to have been taken was to prevent shooting, with intention to return it thereafter, they were entitled to instruction submitting such theory.

3. Criminal Law—Ordinarily Defendant's Theory of Case is Fully Presented by Instruction to Acquit Unless Proven Guilty Beyond Reasonable Doubt.—Ordinarily defendant's theory of case is simply not guilty, which is fully presented by instruction to acquit unless proven guilty beyond reasonable doubt.

4. Robbery—"Robbery" Must have Every Element of Larceny, Besides Taking from Person or Owner by Violence or Putting in Fear.—To constitute "robbery," there must be present every element necessary to constitute larceny, besides taking from person or presence of owner either by violence or putting in fear.

5. Indictment and Information—"Larceny" is Degree of Robbery.—"Larceny" is a degree of the offense of robbery.

6. Indictment and Information—If Felonious Intent is Lacking in Suspected Robbery, Accompanied by Violence, Offense is "Assault and Battery," a Degree of Robbery.—If felonious intent, or animus furandi, is lacking in suspected robbery accompanied by violence, the offense committed is "assault and battery," which is degree of robbery.

REAMS & JOHNSON and WILLIAM MOORE for appellants.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellants, hereinafter referred to as the defendants, were convicted of robbery, and each one sentenced to five years' confinement in the penitentiary. On Sunday evening, October 18, 1925, these three defendants attended Hazelgreen church in Laurel county, but did not go into the meetinghouse. William Prewitt brought some members of his family to the church, but he did not go in himself. The defendants claim to have received information that some of the boys were going to run them away, and they had started home, when Prewitt walked up behind them. Prewitt claims to have started to his car and was using his flashlight to light his way. Defendants claim he turned this flashlight in the face of one of them and that one (Southerland) asked him to

turn it out. Prewitt said he would shine his light where he d— pleased, and applied an insulting epithet to Southerland, whereupon Southerland struck Prewitt and those two engaged in a fight, in the course of which they fell to the ground with Prewitt on top. Prewitt had a .32 Colt automatic pistol, worth about $15.00, which defendants claim he attempted to draw, whereupon one of them took it away from him. Prewitt says one of the defendants took his pistol, but denies that he had tried to draw it. The men were soon separated. This fight had occurred about thirty feet from the church. Prewitt and the three defendants walked on to Prewitt's car, which was standing on the pike about sixty-five yards from the scene of of the fight. At the car Prewitt asked the defendants to return his pistol, but they did not do so then, but asked him his name; he told them, and they told him they would give him back his pistol. The defendants say they were afraid to return Prewitt's pistol to him then, as they regarded him as still angry and they were afraid he would shoot one of them if they did. They left Prewitt and went to East Bernstadt, where in less than an hour they were arrested as they sat in a restaurant eating a lunch. Prewitt's pistol was found on Cody Lawson, also a flashlight, claimed by both Prewitt and Lawson. There is no proof of its value and while Prewitt claimed it, he said he could not swear to it. Lawson claimed this flashlight and said he had owned it for about a year. He had dropped his flashlight at the time of the fight, and picked it up after the fight was over. There is no positive identification of the flashlight by either of these men. We can not regard it as throwing any light on this case, and it should have been eliminated. Prewitt testified that he had some money, but that the defendants made no effort to take it. Aside from Prewitt's pistol, these defendants were unarmed. The three men were jointly indicted for robbery. The three instructions given correctly submitted the Commonwealth's theory of the case. The defendants have cited the case of Terhune v. Com., 144 Ky. 370, 138 S. W. 274, and attacked the second instruction with great vigor. That instruction is:

"If you shall believe from the evidence beyond a reasonable doubt that the defendant, Dan Southerland, or Cody Lawson or James Vaughn, or either of them, in Laurel county, Kentucky, and before the

finding of this indictment, and on the occasion mentioned in the evidence, willfully and feloniously by force and violence and by putting the witness, William Prewitt, in fear of bodily harm, took or carried away from the person and the actual presence of the witness Prewitt, the pistol and flashlight mentioned in the evidence, against the will and without the consent of the said Prewitt, and with the felonious and fraudulent intention to convert the same to their own use and to permanently deprive the said Prewitt of his property therein, and shall further believe from the evidence beyond a reasonable doubt that the defendant, Dan Southerland, or Cody Lawson or James Vaughn was then and there present and near enough so to do and did aid, assist, abet, advise, counsel or command any one of the other defendants to so take and carry away from the person and actual presence of the witness, Prewitt, the property mentioned in the evidence against his will and without his consent, by force and violence and by putting him in fear of bodily harm, and with the felonious and fraudulent intent to deprive the said Prewitt of his property therein, and to convert the same to their own use and benefit, then you should find such one or ones of the defendants, as to whom you may so believe beyond a reasonable doubt guilty as charged in the indictment, and fix the punishment as is set out in instruction No. 1 above therefor."

The indictment before us is a joint indictment, and the Terhune case does not apply, whereas the case of Deaton, et al. v. Com., 211 Ky. 651, 277 S. W. 1001, does apply. The response to the petition for rehearing in that case is absolutely conclusive of the question the defendants have raised. "One who is present and aids and abets a robbery is punishable as a principal, though he receives none of the money and the amount taken is immaterial." See Robbery, in Bouvier's Law Dictionary. The defendants were, however, entitled to an instruction presenting their theory of the case.

"Ordinarily, the defendant's theory of the case is simply 'not guilty,' and this theory is fully presented by the instruction to acquit him, unless he is proven guilty beyond all reasonable doubt.

"However, there are cases where the accused admits one or more of the essential elements of the offense charged, but attempts to avoid conviction by proving facts or circumstances to excuse what he did, and under such circumstances his theory of the case should be set out in a special instruction." Gibson v. Com., 204 Ky. 748, 265 S. W. 339.

These defendants admit taking from Prewitt the pistol in question, but claim they did so because Prewitt was then endeavoring to shoot one of them, and refused to give it back to him after he had walked to the car with them, because they felt he was still angry and might shoot one of them, but they did ask him his name and told him they would return the pistol. That was their theory of the case and by appropriate instruction it should have been submitted to the jury, and it told that if it found that to be true, it should not find the defendants guilty of robbery, but of assault and battery only, and fix their punishment, etc.

To constitute robbery, there must be present every element necessary to constitute larceny, plus a taking from the person or presence of the owner either by violence or putting in fear. It is not a robbery if the *animus furandi* is lacking. Triplett v. Com., 122 Ky. 35, 91 S. W. 281, 28 R. 974. These takings have been held not to be larceny: Taking property from a drunken man to keep for him until he has become sober. Keely v. State, 14 Ind. 36. The taking of a pistol from another to prevent the use of it against the taker. Bailey v. State, 92 Ark. 216, 122 S. W. 497. The disarming of a guard by an escaping prisoner. Mahoney v. State, 33 Tex. Cr. 388, 26 S. W. 622. The taking of muskets from a vessel to prevent the use of them on the takers. U. S. v. Durkee, 25 F. Cas. No. 15009, McAll 196.

Larceny is a degree of the offense of robbery. See Richards, etc. v. Com., 67 S. W. 818, 24 R. 14. If, in a suspected robbery, accompanied by violence, the felonious intent, that is, the *animus furandi,* is lacking, the offense committed is an assault and battery, which is a degree of robbery. See Dickerson v. Com., 2 Bush 1; Barnard v. Com., 94 Ky. 285, 22 S. W. 219, 15 R. 51. We have refrained from discussing the alleged misconduct of the Commonwealth's attorney, as we are sure it will not be repeated.

We expressly reserve the question of the sufficiency of the evidence to sustain the verdict.

The judgment is reversed and the defendants are awarded a new trial.