## Lynch v. Commonwealth.

(Decided March 17, 1933.)

VICTOR L. KELLEY and FRANK E. DAUGHERTY for appellant.

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

At the February term, 1932, of the Nelson circuit court, Humphrey C. Lynch, together with Fred Withers, Daniel M. Pershing (alias Daniel O'Brian), Robert Davenport, Carl Gray, and W. S. Robinson, were jointly indicted, wherein they were accused of the "crime of unlawfully and feloniously entering into a conspiracy with each other to commit the crime of robbery, committed in manner and form as follows, to-wit:"

That they "did unlawfully, willfully and feloniously enter into a conspiracy with each other, and each with the other to rob the People's Bank of New Hope, Ky., a Bank, doing a banking business at New Hope, Ky., and while said conspiracy was in existence and in pursuance of same and in furtherance of the execution of same, did band themselves together and go forth armed and acting in concert with each other, aiding, abetting and assisting each in pursuance of said conspiracy and did with force and arms and violence put in fear of bodily harm and in fear of his life one Tom Miller, the said Tom Miller being the Cashier of the said People's Bank of New Hope and in actual charge and in legal custody of the money of said bank, and did rob from him, with force and arms, against his will and consent the sum of eleven hundred and eighty dollars lawful money, legal tender of the United States, in currency and silver * * * with the felonious and fraudulent intention of converting same to their own use and permanent benefit, and permanently depriving the said bank of its property therein. * * *"

The People's Bank of New Hope, Ky., was robbed on November 13, 1931, between 11 and 11:30 a. m. It is admitted that the actual robbery was committed by

Daniel Pershing, Fred Withers, and Robert Davenport, Withers and Pershing both having been identified by T. J. Miller and Miss Wilhelma Gilkey, the only employees in the bank at the time. Davenport, the third man, waited outside the bank in a Dodge Touring car, bearing an Indiana license, identified as belonging to W. S. Robinson.

No one accused the appellant, Lynch, with being present on the day the crime was committed.

The defendants Daniel M. Pershing, Robert Davenport, and Carl Gray were tried in the Nelson circuit court at its February term, 1932, under this indictment, when on their plea of guilty, made after their identification by the bank cashier, they were each given a term of six years in the state penitentiary.

Fred Withers has never been apprehended, and the defendant W. S. Robinson, the owner of the car taken and used by the three named defendants in carrying out this bank robbery, has not been tried.

The defendant Lynch (appellant here), upon the call of this case for trial, demurred to the indictment, which being by the court overruled, he thereupon entered a plea of not guilty to the charge set out in the indictment. His trial having resulted in a conviction and sentence to the penitentiary for three years, he prosecutes this appeal.

In view of the conclusion that we have reached upon the appeal here prosecuted, we deem it unnecessary to here set out the evidence introduced upon the trial or to now enter upon a discussion of the merit of the several assignments of error urged by appellant in support of his motion and grounds for a new trial.

In the accusatory part of the indictment, as above set out, the appellant and his alleged associates were charged with "the crime of unlawfully and feloniously entering into a conspiracy with each other to commit the crime of robbery." The descriptive portion of the indictment charged that, "while said conspiracy was in existence and in pursuance of same * * * that they did * * * go forth armed and acting in concert with each other * * *and did with force and arms and violence put in fear of bodily harm and in fear of his life one Tom Miller, * * * the Cashier of the said People's Bank

of New Hope * * * and did rob from him, with force and arms, against his will and consent the sum of eleven hundred and eighty dollars, * * * the money being the property of the People's Bank at New Hope * * * and the said Tom Miller being the legal custodian of said money.''

In the case of Deaton & Boggs v. Commonwealth, 220 Ky. 343, 295 S. W. 167, it is said:

"Section 124 of the Criminal Code of Practice says:

" 'The indictment must be direct and certain, as regards * * * the offense charged.'

"Subsection 2 of section 122 of the same Code prescribes how the indictment shall describe the offense of which defendant is accused, by saying that:

" 'The indictment must contain * * * a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case.'

"The two sections therefore should be read together, and they mandatorily require that an indictment 'must be direct and certain' as to 'the offense charged' (section 124), and then it must contain 'a statement of the acts constituting the offense,' etc. The first requirement is contained in what we have heretofore held to be the accusatory part of the indictment, which is that part where the offense is named, and the second requirement should appear in that part of the indictment designated as its descriptive part, and we have uniformly held that unless the indictment contained the required certainty prescribed by both of the sections, supra, it would be fatally defective. In other words, a good statement of the offense in the descriptive part of the indictment will not supply the failure to name the offense in the accusatory part of the indictment, and, vice versa, a correct naming of the offense in the accusatory part of the indictment will not supply a defective state-

ment of the acts constituting the offense in its descriptive part.''

Section 1241a-1, Kentucky Statutes, creates and prescribes the punishment for the crime of confederating and banding together of two or more persons to commit a felonious act, whether it is consummated or not. Eubank v. Commonwealth, 210 Ky. 150, 275 S. W. 630; Com. v. Barnett, 196 Ky. 731, 245 S. W. 874.

The punishment provided for the commission of this offense is by the statute fixed at confinement in the penitentiary for not less than one nor more than five years.

The indictment accused the defendant and his associates of conspiring together to commit the crime of robbery, which is a common-law offense, for which punishment is provided by section 1159 of the Statutes at confinement in the penitentiary for not less than two, nor more than ten, years.

The descriptive part of the indictment charges a confederation to commit and the consummation thereunder of the offense of bank robbery, which is a special offense created by section 1159a of the Statutes, looking to giving especial protection against assaults upon the moneys and securities of banks by providing that:

"Any person or persons who shall by force or violence, steal, take or carry away or attempt by such means, to steal, take or carry away from any bank, money, notes, securities or any other thing of value * * * shall be guilty of a felony; and upon conviction thereof be confined in the penitentiary, not less than two nor more than twenty years."

In the late case of Acree v. Commonwealth, 243 Ky. 216, 47 S. W. (2d) 1051, 1053, the indictment charged the appellant, Acree, and his associates with the crime of entering into a conspiracy to break and enter into the storehouse of one Will Brown, and by its descriptive part charged that the defendant and his associates, named in the indictment, in pursuance to a conspiracy, did feloniously break and enter the storehouse of Will Brown, a depository of goods, with the intent to steal articles of value; that is, charged an offense covered by the provisions of section 1164 of the Statutes, creating and fixing the punishment of the crime of breaking

and entering into a storehouse with intent to steal articles of value, which may be committed by two or more persons as principals or as aiders and abettors or in pursuance to and in execution of a conspiracy. The court, in the course of its opinion, there said:

"If the conspiracy is formed to commit the crime therein denounced, whether the act is consummated or not, the conspirators may be indicted and convicted under section 1241a-1. Riggsby v. Com., 232 Ky. 226, 22 S. W. (2d) 624; Diamond v. Com., 237 Ky. 374, 35 S. W. (2d) 554; Eubank v. Com., 210 Ky. 150, 275 S. W. 630; Weisiger v. Com., supra [215 Ky. 172, 284 S. W. 1039]. In Deaton v. Com., 220 Ky. 343, 295 S. W. 167, and Gregory v. Com., 226 Ky. 617, 11 S. W. (2d) 432, the rule was stated that it was essential that the accusatory and descriptive parts of an indictment cover the same offense.

"The indictment must charge in its accusatory part the public offense for which it is intended to prosecute the accused, and in the descriptive part must be stated the facts, which if established by proof, constitute the offense charged. Commonwealth v. Tobin, 140 Ky. 261, 130 S. W. 1116. * * *

"Under the authority of the cases supra, an indictment charging a conspiracy under section 1241a-1 to commit the offense created by section 1164, it is essential and required that both the accusatory and descriptive parts of the indictment must name and describe the same offense. It is apparent that it is our conclusion that the court erred in overruling the demurrer to the indictment which can only be corrected by a reference to the grand jury and the return of a new indictment."

We are of the opinion that the principle and rule announced in this case control and determine the question presented upon this appeal, which is identical with that presented in the Acree Case, supra, as the indictment was here by the appellant demurred to in charging the offense of conspiracy, as defined by section 1241a-1 in its accusatory part, while in its descriptive part it charged the defendant and his associates with conspiring to commit the offense of bank robbery, as created and provided by section 1159a of the Statutes.

Therefore, upon the authority of the Acree Case, supra, we conclude that the court erred in overruling the demurrer to the indictment, and the judgment for such reason is reversed and the cause remanded for further proceedings consistent with this opinion.