## Howard v. Commonwealth.

(Decided May 28, 1937.)

H. H. RAMEY, J. T. ARNETT and W. R. PRATHER for appellant.

HUBERT MEREDITH, Attorney General, for appellee.

OPIPNION OF THE COURT BY JUDGE PERRY—Affirming.

Upon an indictment jointly charging the accused, Miles Howard and Okie Shepherd, with the crime of malicious shooting and wounding with intent to kill Willis Neely, the appellant Howard was, upon his separate trial, found guilty, and his punishment fixed at two years' imprisonment.

From the judgment entered upon this verdict, Howard has appealed, insisting, as his one ground argued for its reversal, that the instructions given by the court were erroneous in failing to give the whole law of the case, in that the court should have given an additional and separate instruction, telling the jury that, if Okie Shepherd shot Willis Neely, then in such event they should acquit the appellant, Miles Howard.

The facts as disclosed by the record present but another picture of sanguinary feudal strife, growing

out of this "moonshine" party, where assembled friends and neighbors, after lustily. partaking of this Circean concoction of mountain brew, soon so befuddled and drugged their minds and better natures as to convert themselves into murderous animals, fatally moved to strife and slaughter. Such, according to the evidence, was shown to have been the ominous character and bibulous intent and purpose of this Sunday gathering of erstwhile friends and neighbors at the mountain home of one Woodlow Howard, on Molly's branch, Magoffin county, Ky.

There, it appears, were gathered upon this occasion the appellant, Miles Howard, Okie Shepherd, and Woodlow Howard, who, making up a purse with which to buy some "moonshine," forthwith sent word to the Neelys, the local distillers, to bring them over a supply.

Such order being soon filled, dispute and haggling arose between buyers and sellers over its price, which question, it appears, was not of such moment as to prevent many "passings around" of the "moonshine" jar among them, when, after lustily drinking of its "old, familiar juice" a general fight—"tooth and claw, shot and shell"—quickly followed, when "long and loud the sound of battle raged and roared" along this mountainside, there between barn and house.

In this melee, it appears that appellant's coindictee, Okie Shepherd, shot and killed the good woman Julia Howard, wife of Woodlow, and mother of his brood of twelve, and also, about the same time, that one of the visiting "moonshine" venders, the prosecuting witness, Willis Neely, was shot (along with others of his family, it is stated) but did not die.

Both Shepherd and the appellant were indicted for Julia Howard's murder, for which it appears, dehors the record, Okie Shepherd was tried alone and convicted; also, that, for the shooting and wounding of Willis Neely, they were both indicted, when, upon this separate trial of the appellant, Miles Howard, therefor, a few of the many children of Julia Howard, together with the Neelys, all testified, as eyewitnesses to the shooting, that Miles Howard had upon this occasion shot and wounded Willis Neely.

Opposing their testimony, appellant, Howard, denies that he shot Neely, or even fired a single shot from

his "38 special," and further testifies that, when he left the Howard home, Willis Neely had not then been shot, but that Okie Shepherd, his companion in this brawl, had told him, as they ran away, that two shells. from his pistol had been fired.

Notwithstanding this accusation by appellant, involving Okie Shepherd, the latter did not deny it, but refused to become a witness upon the trial.

However, even this brief synopsis of the evidence, thus generally depicting this mountain brawl and shooting, is perhaps uncalled for, in view of the fact that counsel for appellant very frankly concedes that the evidence introduced on behalf of the Commonwealth, tending to show the appellant guilty of the malicious shooting of Willis Neely, was amply sufficient to support the jury's verdict so finding.

We will therefore not attempt to further review the facts, but will next consider the appellant's criticism of the court's instructions, which he insists were erroneous, for the reason, as stated in brief of counsel, that:

"We think the jury should have been told that, if Okie Shepherd shot Neely, that the defendant-appellant, Miles Howard, should be acquitted, unless he was guilty as an aider and abettor.

"Unless this be correct, we frankly admit that the judgment should perhaps be affirmed."

We are of the opinion, however, that this contention cannot be sustained, in that we conceive the instructions as given quite clearly gave the appellant the benefit of this theory of his defense.

By the court's first instruction given the jury, they were told to find the defendant guilty if they should believe from the evidence, beyond a reasonable doubt, that the defendant, Miles Howard, did "unlawfully, willfully, maliciously and feloniously, and not in his necessary or apparently necessary self-defense, or defense or apparently necessary self-defense of Okie Shepherd, shoot and wound Willis Neely, with the malicious intent to kill the said Willis Neely."

By the second instruction, the jury were instructed. as to a lesser degree of the charged offense, consisting:

of shooting in sudden heat and passion and without previous malice.

The third instruction given was the self-defense instruction, by which the jury were directed to acquit the appellant if they believed he shot in defense of himself or of Okie Shepherd, etc., while the fourth and final instruction given was one as to reasonable doubt, as to which the jury were told that, unless they believed the appellant to be guilty to the exclusion of a reasonable doubt of the offense charged, namely, of maliciously shooting, etc., Willis Neely, they should find appellant not guilty.

Clearly this last instruction, particularly when considered with the first instruction, very substantially covered and very clearly presented the appellant's theory of defense contended for, by instructing the jury that they should acquit the appellant, unless they believed to the exclusion of a reasonable doubt that he (Miles Howard) shot Neely.

This instruction as given is more favorable, in fact, to the appellant than he was entitled to, in that it did not authorize the jury to find him guilty, even if he were at the time present as an aider and abettor of Okie Shepherd, but yet did not himself shoot Neely.

The instructions as given should clearly satisfy the appellant, in that the jury could have only understood them to mean that they should acquit the appellant, unless they should find that he shot Neely, just as much as if they had been told to acquit the appellant if they believed Shepherd shot Neely, and which was, in effect, but another way of saying to acquit Howard if they believed, etc., that he did not shoot Neely.

To such effect see the court's holding in the case of Gibson v. Commonwealth, 204 Ky. 748, 265 S. W. 339, 344 (which was also quoted with approval in Southerland v. Com., 217 Ky. 94, 288 S. W. 1051), where it was said:

"Ordinarily, the defendant's theory of the case is simply 'not guilty,' and this theory is fully presented by the instruction to acquit him, unless he is proven guilty beyond all reasonable doubt."

Therefore, it is our conclusion that the appellant's only ground here assigned for reversal of the judgment

being one in criticism of the instructions, which we regard, for the reasons indicated, as entirely without merit, the judgment is affirmed.