## Rowe et al. v. Commonwealth.
May 31, 1940.

R. Monroe Fields, Judge.

L. J. May and Sidney Trivette for appellants.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellants were jointly indicted for the crime of armed robbery defined by Section 1159a, Kentucky Statutes, tried together, and sentenced to life imprisonment in the penitentiary. The robbery took place in daylight on a public road following a most brutal assault committed upon the prosecuting witness and his wife, and consisted of the forcible taking of $1.20 by one of the assailants from the prosecuting witness's pocket while the other assailant kept him covered with a pistol. The appellants admitted the assault upon the prosecuting witness and his wife, as well as the display and use of a pistol as a bludgeon, but contended that the fight arose out of a quarrel over a collision between an automobile in which they were riding and an automobile driven by the prosecuting witness in the same direction on the highway. According to the prosecution, the collision of the automobiles was but a preliminary incident to the intended robbery, while, according to the testimony of the appellants, who, admittedly, were drinking, no robbery was intended or in fact committed. Without reciting the testimony in detail, it is sufficient to say that, while contradictory in some particulars, it was amply sufficient to support the verdict.

The first ground urged for a reversal is that the indictment was defective in failing to allege that the defendants took the money from the prosecuting witness without his consent and against his will, or with the intent to convert it to their own use and permanently deprive the owner thereof. However, it did charge the ap-

pellants with the crime of robbery accompanied by the use and display of pistols. Where no public offense whatsoever is charged in an indictment, the question of its sufficiency is raised by the motion of the accused for a peremptory instruction at the conclusion of the Commonwealth' testimony, but, where a public offense is charged in the indictment, its sufficiency can only be tested by demurrer. The record in this case does not disclose that either of the appellants demurred to the indictment, and we are therefore without power to consider its sufficiency. Hawks v. Commonwealth, 197 Ky. 196, 246 S. W. 116.

The second ground for reversal urged by appellants is that the Court erred in admonishing the jury that the testimony of appellants' witness, Charlie Bartley, should be considered only for the purpose of contradicting the prosecuting witness who had denied stating to Bartley several days after the assault that if Robinson had not hit him in the head with a pistol, he, the prosecuting witness, "had the Rowe boy choked out." Since this was not a civil proceeding in which an admission would be competent against the party making it, and since Bartley's testimony consisted merely of an affirmation that the prosecuting witness had made the statement referred to, we perceive no error in the action of the Trial Court. In any event, the appellants neither objected nor excepted to it.

The Court instructed the jury as follows:

"If you believe from the evidence beyond a reasonable doubt that the defendants, Russell Rowe and Zollie Robinson, acting together and in concert with each other, and with an intention common to each of them, in Pike County and before the finding of the indictment herein, wilfully and feloniously robbed and took from the person of E. L. Mullins $1.20 in money, or any amount of money, the property of E. L. Mullins, by force, or by putting the said E. L. Mullins in fear of some immediate injury to his person, and that in doing so they used or displayed a pistol, you should find the defendants guilty as charged in the indictment and fix their punishment at death or by confinement in the state penitentiary for life, in your discretion."

2. "If you have a reasonable doubt of the de-

fendants having been proven guilty you should find them not guilty; or if you have a reasonable doubt as to either one of them having been proven guilty you should find such one of them not guilty as to whom you shall entertain such reasonable doubt.''

It is contended by appellants that these instructions were prejudicially erroneous because they did not cover the offences of Larceny and Assault, or submit appellants' defense that the pistol was displayed and used in a fight resulting from a quarrel over an automobile collision, and that no robbery was committed. But this argument overlooks the fact that the appellants were being tried for the statutory crime of "armed robbery," and that they denied utterly taking anything whatsoever from the prosecuting witness. If they had admitted taking the money by means other than those denounced by the Statute, or had there been any evidence introduced by either party indicating that the appellants had come into the possession of the money by such other means or for an innocent purpose, it would have been the duty of the Court to have submitted to the jury the questions raised by such admission or evidence. Here the display of pistols was admitted, and their sole defense to the crime charged was that they had not taken the money. The question was not how or why, but *whether* they had taken it.

In their attack upon the instructions the appellants rely upon the cases of Southerland et al. v. Commonwealth, 217 Ky. 94, 288 S. W. 1051; and Davis v. Commonwealth, 230 Ky. 589, 20 S. W. (2d) 455; but an inspection of these cases will disclose that they are not controlling. In the Davis case the Commonwealth's evidence showed that the defendant and his companions claimed that they were attempting to collect for whisky which the prosecuting witness had stolen from them. The Southerland case was discussed in the later case of Elam et al. v. Commonwealth, 273 Ky. 414, 116 S. W. (2d) 981, 982, which not only distinguishes the Southerland case in the manner in which it must be distinguished from the case at bar, but effectually disposes of appellants' contention that the instructions given were inadequate or erroneous. In the Elam case, as here, the robbery was flatly denied by the appellants, and a reversal was sought on the ground that the Court had

erred in refusing to instruct on **Larceny and Assault.**
Said the Court:

"The defendants are complaining of the instruction given, in which complaint we find no merit. They are also complaining because the court did not submit the question of larceny, which is a degree of robbery; also that of assault and battery. In support of their contention they cite and rely upon the case of Southerland, Lawson & Vaughn v. Com., 217 Ky. 94, 288 S. W. 1051, but the facts in that case are so very different from the facts in this one as to render what was said in that case without application in this one.

"In the Southerland, Lawson & Vaughn Case, the defendants admitted taking a pistol from Prewitt, but alleged that they did so without any intention of permanently depriving Prewitt of his pistol, but took it solely to protect themselves against the use by Prewitt of that pistol against them in his enraged condition, thus presenting a very different state of facts from the facts presented here.

"Such instructions were held proper in the Southerland Case because of the admissions made by those men, for robbery is a larceny done by force or putting in fear; but these men do not admit taking any property from Gibson, hence they presented no theory in this case requiring such instructions."

See also the case of Gibson v. Commonwealth, 204 Ky. 748, 265 S. W. 339.

Judgment affirmed.