Amos L. DUNCAN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1959.

Carl F. Eversole, S. M. Ward, Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Amos L. Duncan was convicted of armed robbery and sentenced to life imprisonment. One of the grounds on which he appeals is that the indictment does not sufficiently describe the offense of armed robbery as defined in KRS 433.140. The indictment reads as follows:

"The Grand Jury of the County of Perry in the name and by the authority of the Commonwealth of Kentucky, accuse Howard Hicks, Amos L. Duncan and Clell Miller of the crime of Armed Robbery committed in manner and form as follows, to-wit:

"The said Howard Hicks, Amos L. Duncan and Clell Miller in the said County of Perry on or about 2 day of April, 1958, and within twelve months next before the finding of this indictment, did unlawfully, feloniously, by force, violence and arms and by putting him in fear of bodily harm, did take, steal and carry away from the person in the actual presence of said Chester Flynn, against the will and consent of said Chester Flynn, the personal property of said Chester Flynn, and the said Howard Hicks, Amos L. Duncan and Clell Miller, with the felonious and fraudulent intent then and there to convert the same to their own use, and to permanently deprive said Chester Flynn of his property therein, the property being money, and other items of personal property exact description unknown to grand jury contrary to the from of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

There was no demurrer, nor were the indictment or the instructions on armed robbery attacked in the motion and grounds for new trial.

■ The indictment will not support a conviction for armed robbery, because it does not state the vital fact, differentiating armed robbery from the lesser offense of simple robbery, that the robbery was committed by use of a "pistol, gun or other firearm or deadly weapon," these being the terms by which the offense of armed robbery is specifically defined in the statute creating it, KRS 433.140. The words "armed" and "arms" used in the indictment cover objects of any kind that may be used as weapons (Webster's International Dictionary of the English Language, Second Edition, G. & C. Merriam Co., 1955), whether deadly or not. They might properly refer to an ordinary flyswatter, deadly to the fly but not usually so considered with respect to human life. The words "force and arms," from the Latin "vi et armis," indicate violence, but not necessarily the use of weapons. Black's Law Dictionary, 4th ed., pp. 774, 1737; Ballentine's Law Dictionary (1948 ed.), pp. 515, 1339; Schanz v. State, 17 Wis. 251, wherein the words "with force and arms" in an indictment were held insufficient to describe larceny with a dangerous weapon.

The Attorney General frankly concedes that the indictment is not sufficient to charge the offense for which the penalty of life imprisonment was pronounced (citing Privett v. Com., 233 Ky. 471, 26 S.W.2d 3; Lynch v. Com., 248 Ky. 210, 58 S.W.2d 408, and Miller v. Com., 248 Ky. 717, 59 S.W.2d 969), and that the conviction was erroneous. See also Com. v. White, 109 S.W. 324, 33 Ky.Law Rep. 70, wherein an indictment for pointing a deadly weapon at another was held insufficient because it failed to describe the instrument claimed to be the deadly weapon. The principles enunciated in that case apply more strongly to the instant case because of its more serious nature.

■ The indictment does, however, sufficiently allege the elements of the crime of robbery and for that reason was not demurrable. See Coates v. Com., 235 Ky. 683, 32 S.W.2d 34, 35, holding that omission of the word "maliciously" in an indictment charging felonious shooting and wounding with intent to kill was a fatal defect, but one which was not waived by failure to demur because the indictment nevertheless alleged a public offense of lesser degree (e. g., assault and battery):

"In the circumstances the case is merely one where the accused was convicted of a greater crime than that charged in the indictment, thus presenting a situation that the law does not permit."

■ For the same reason, that the public offense of robbery was charged in the indictment, appellant's motion for a peremptory was of no avail. Rowe v. Com., 283 Ky. 367, 141 S.W.2d 284. Assuming, then, that the instructions were erroneous on the ground that they embraced an offense greater than the offense validly alleged in the indictment, yet the appellant did not raise the question in his motion and grounds for new trial and cannot now attack the instructions. Eve v. Com., 278 Ky. 123, 128 S.W.2d 616, and cases collected in West's Kentucky Digest, Criminal Law, ■

■ Though his motion for new trial included the ground that "the verdict is both against the law and the evidence" it did not reach the instructions, for it has been held that merely to state in the motion "that a verdict 'is against the law' raises no legal questions for the determination of this court." Helton v. Com., 312 Ky. 268, 226 S.W.2d 939, 941. "A verdict is contrary to law only when it is contrary to instructions, *whether right or wrong*," (emphasis added). Beach v. Com., Ky., 246 S.W.2d 587, 588.

Thus we have a case where, so far as concerns the sufficiency of the indictment to support the verdict and judgment, the appellant can be said to have sat with folded arms, failing to preserve the error in the trial court, and might as well be in this court without any bill of exceptions at all. It is unfortunate and perhaps inexcusable that

the trial court was not given a fair and timely opportunity to correct the error, the question being raised for the first time on appeal. But our system of justice is such that principles override individual cases, and counsel for appellant on his petition for rehearing makes the point that in a long line of cases this court has said that even in the absence of a bill of exceptions it will on appeal review the matter of whether the indictment supports the verdict or judgment. See, for example, Napier v. Com., Ky., 298 S.W.2d 690; Mattingly v. Com., Ky., 251 S.W.2d 237; Stonefield v. Com., 282 Ky. 692, 139 S.W.2d 752; Harris v. Com., 275 Ky. 425, 121 S.W.2d 693; Maynard v. Com., 210 Ky. 362, 275 S.W. 871, and other cases collected in West's Kentucky Digest, Criminal Law, . Under the circumstances we are obliged to make an honest appraisal of what this shibboleth really means.

 The language of the cited cases to the effect that on appeal the court may always determine the sufficiency of the indictment to support the conviction is perhaps too broad, for the correct test is *whether the indictment states a public offense*. See Hopper v. Com., 250 Ky. 405, 63 S.W.2d 467; Moore v. Com., 266 Ky. 514, 99 S.W.2d 715; Maggard v. Com., 257 Ky. 414, 78 S.W.2d 315; Rowe v. Com., 283 Ky. 367, 141 S.W.2d 284, and Strunk v. Com., 302 Ky. 284, 194 S.W.2d 504, wherein the rule is properly stated. Apparently the rule grows out of §§ 275 to 279, inclusive, of the Criminal Code of Practice, which provide for the arrest of a judgment if "the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court." The trial court may and should arrest the judgment on its own motion in such a case, from which it follows, and was so held in Morgan v. Com., 202 Ky. 211, 259 S.W. 46, and Pierce v. Com., 210 Ky. 465, 276 S.W. 135, that "the deficiency having escaped the attention of the trial court, it was the duty of this court to reverse the judgment on appeal." Hence it would seem

safe to say that the test of an indictment which may always be had on appeal is the same test which would be applied to a motion in the trial court to arrest the judgment. It is stated in Anderson, Wharton's Criminal Law and Procedure, Vol. 5, p. 519, as follows:

"As a general rule, if an indictment, information, or other accusation states no offense within the jurisdiction of the court, such defect is fatal at any state of the proceedings, and is not waived by the failure to take advantage thereof in the trial court, but may be raised for the first time on writ of error or appeal. On the other hand, objections based on merely formal and unsubstantial defects, which might have been fatal if raised in the trial court, will ordinarily be deemed to have been waived if not so raised."

See 24 C.J.S. Criminal Law § 1671, pp. 271–275 to the same effect.

 If we were to go no further, it would still be necessary to affirm the conviction in this case for the reason that the indictment did state the public offense of robbery, of which the crime of armed robbery is, by definition, but an aggravated degree. However, under §§ 262 and 265 of the Criminal Code of Practice a defendant may not be found guilty of a crime higher in degree than that charged in the indictment, and in Jarvis v. Com., 231 Ky. 505, 21 S.W.2d 828, where a judgment convicting on an indictment for felonious embezzlement was reversed because it did not specify that the amount converted was $20 or more, it was held that § 262 must be read in connection with § 276 (providing for arrest of judgment), though the indictment was not demurrable. This decision is in accordance with fundamental justice and is, we believe, dispositive of the case now before us. The conviction of a man for a crime greater than that charged in the indictment is as repugnant in principle as a conviction on a charge which states no pub-

lic offense at all. Coates v. Com., supra; Jarvis v. Com., supra; Hewitt v. Com., 216 Ky. 72, 287 S.W. 223.

 A review and comparison of the cases holding that various defects were such that the indictments did or did not state public offenses would serve only to document the obvious fact that no court of changing composition over a period of decades can hope to achieve infallible consistency. Suffice it to say that the complete failure to state at least one of the descriptive terms, "pistol," "gun," "firearm," or "deadly weapon," in an indictment for armed robbery, the offense itself being created and defined in those terms, is a substantial defect because it goes to the very gravamen of the case. True, this particular defendant may have been fully aware of the details of the charge made against him, but we cannot indulge that presumption without abrogating the fundamental principle that it is not enough to charge the crime by name; the substantive elements must also be stated. See Com. v. Bowman, 96 Ky. 40, 27 S.W. 816, 16 Ky.Law Rep. 222; Com. v. Fitzpatrick, 204 Ky. 484, 264 S.W. 1105; Com. v. Fain, 248 Ky. 383, 58 S.W.2d 642; 42 C. J.S. Indictments and Informations § 114, p. 994, and Anderson, Wharton's Criminal Law and Procedure, Vol. 4, p. 553. Nor would such a presumption satisfy the plain command of Criminal Code § 124 that the indictment set forth the "particular circumstances of the offense charged." We are not dealing here in the transitory world of civil rules. Individual liberty having been hard wrought, the safeguards erected about it through the long course of history yield reluctantly to judicial innovation. Proposed new rules of criminal procedure now in preparation may relax the traditional requirements applicable to indictments, but in a meet and proper way such a reform will have the foreknowledge and deliberate approval of the bench and bar of Kentucky.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

MILLIKEN and MOREMEN, JJ., dissenting.

Judges MILLIKEN and MOREMEN dissent from this opinion because they believe that the words in the accusatory part of the indictment charging the appellant with "the crime of Armed Robbery" in conjunction with the words in the descriptive part of the indictment that the crime was committed by "force, violence and arms" stated the offense "in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case." Cr.Code, § 122 (2). They are influenced also by the fact that there is no intimation in the record by objections or otherwise that either the appellant or his counsel had any doubt about the identity of the offense for which the accused was being tried.