**Sam JONES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 9, 1961.

Carl F. Eversole, Hazard, for appellant.

John B. Breckinridge, Atty. Gen., William A. Watson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Sam Jones was convicted of the offense of malicious and willful shooting and wounding with intent to kill and sentenced to serve 21 years in the state penitentiary at Eddyville. See KRS 435.170.

On this appeal from the judgment, Jones argues, and the Commonwealth agrees, that his conviction should be set aside and a new trial granted because the indictment failed to charge a felony.

As the indictment is brief we will set it out verbatim. It reads:

"The Commonwealth of Kentucky
"Breathitt Circuit Court
"August Term, 1961
"The Commonwealth of Kentucky
 against
 Sam Jones                    Indictment

"The Grand Jury of Breathitt County, in the name and by the authority of the Commonwealth of Kentucky, ac-

cuse Sam Jones of the crime of shooting and wounding another with the intent to kill, committed in manner and form as follows, to-wit:

"The said defendant Sam Jones in the same county of Breathitt, on the 8th day of August A.D.1960, and before the finding of this indictment, did unlawfully, willfully, feloniously, shoot at and wound Martha Jones upon the head and body, with a pistol, with the felonious intent to kill the said Martha Jones but from the effect of which death did not ensue. Contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

■ The word "maliciously" or "malice" does not appear in the indictment. The word "feloniously" is set forth in the descriptive portion of the indictment but this Court has drawn a distinction between that word and the term "maliciously", saying that the former may not be used in lieu of the latter, or equated therewith as to meaning. See Combs v. Commonwealth, 298 Ky. 481, 183 S.W.2d 486.

■ Therefore, the indictment as drafted will not support the conviction, since malice is the element that primarily distinguishes the crime denounced (malicious and willful shooting and wounding with intent to kill) from the lower degrees of the same offense, which are (1) shooting in sudden affray or in heat and passion; and (2) assault and battery. See Pack v. Commonwealth, 282 Ky. 835, 140 S.W.2d 626, 630. In the Pack case Commonwealth v. Yancy, 2 Duv. 375, 63 Ky. 375, was cited wherein it was stated in part:

"To charge a wounding simply, with intent to kill, characterizes the offense as a misdemeanor—to make it a feloni-

ous wounding, malice must be charged. (Rapp v. Commonwealth, 14 B.Mon. [614], 621, Rennaker v. The Commonwealth, unreported)."

In Coates v. Commonwealth, 235 Ky. 683, 32 S.W.2d 34, 35, it was held that the insufficiency of the indictment to allege the crime of malicious and willful shooting and wounding with intent to kill because of the failure to include the word "maliciously" therein was not waived by a failure to demur.

As one of the prerequisites necessary to accuse Jones with the statutory offense of which he was convicted was entirely omitted from the indictment, as has been pointed out, it follows that the judgment must be set aside. Even if Jones had been fully apprised of the nature of the charge preferred against him, this would not have met the legal requirements in a case such as the one we are considering. In Duncan v. Commonwealth, Ky., 330 S.W.2d 419, 423, this comment was made which is pertinent:

"True, this particular defendant may have been fully aware of the details of the charge made against him, but we cannot indulge that presumption without abrogating the fundamental principle that it is not enough to charge the crime by name; the substantive elements must also be stated." (Citing cases.)

■ Our determination of this appeal may seem to be based upon a very technical ground. However, this Court adheres to the principle that every man who faces the prospect of losing his personal liberty in a proceeding before the courts of this Commonwealth must be afforded those procedural safeguards that will insure his obtaining a fair trial.

Wherefore, the judgment is reversed.